UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, ET AL.

        Plaintiffs,

-vs-

        No. 12-13575
        District Judge Arthur J. Tarnow
        Magistrate Judge R. Steven Whalen

RICK SNYDER, ET AL.,

        Defendants.

        /

**REPORT AND RECOMMENDATION**

On August 13, 2012, Plaintiffs Cameron Fitts, Michael Davis and Kenneth Wilson, prison inmates in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983 [Doc. #1]. On October 1, 2012, they filed an amended complaint [Doc. #12].[1] Before the Court is Defendants' Motion for Dismissal [Doc. #22], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

**I.    FACTS**

The Plaintiffs have named 17 Defendants. The following Defendants bring the present motion:

Rick Snyder–Governor of the State of Michigan.

Daniel Heyns–Director of the MDOC.

Thomas Combs–Chairman of the Michigan Parole Board.

---

[1] As it pertains to the Defendants who have brought this motion, the amended complaint contains the same factual allegations and the same claims as the original complaint.

Amy Bonito–Parole Board member.

Anthony King–Parole Board member.

Barbara Sampson–Parole Board member.

Sonia Warchock–Parole Board member.

Jennifer Granholm–former Governor of the State of Michigan.

Kenneth MacEachern–Director of Prisoner Affairs for MDOC.

Carrie Skibinski–Supervisor of Lincoln Park Parole Office.

Argelio Vela–Parole Officer.

Debra Scutt–Warden of the G. Robert Cotton Correctional Facility.

All Defendants are sued in their personal capacities only.

Plaintiff Fitts alleges that 563 days of disciplinary and good-time credits were wrongfully taken from him, and that on July 25, 2012, he so informed Defendants Snyder, Heyns and Scutt. *Amended Complaint* [Doc. #12], ¶ 1. Plaintiffs Wilson and Davis allege that in 2011, Defendant Governor Snyder denied their request for a pardon, reprieve of commutation of their sentences. *Id*. ¶ 2. All Plaintiffs claim that Defendants Snyder, Granholm, Heyns, MacEachern and Scutt all knew that "the administrative rules for major misconduct are illegal and null and void." *Id* ¶ 3.

Plaintiff Fitts appears to allege that his parole was violated in retaliation for his having made complaints against the City of Inkster. He concedes that a shotgun was found in his house, but contends that its discovery was the result of an unlawful search and seizure. *Id*. ¶ 4. He claims that Defendant Parole Board members wrongfully denied him parole. *Id*. ¶ 5.

Plaintiff Fitts alleges that in July of 2012, Corrections Officers at the Cotton Facility conducted an unlawful search, in violation of prison policy. *Id*. ¶ 6.

In a RICO claim, all Plaintiffs allege that Defendants Snyder, Heyns and Scutt are unlawfully using the funds in their prison accounts. ¶¶7-8.

Apart from monetary relief to the tune of approximately a half-billion dollars, Plaintiffs request injunctive relief in the form of restoration of good-time/disciplinary credits with immediate release from custody, and an immediate grant of parole.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

### III.   DISCUSSION

#### A.   Revocation of Disciplinary Credits

In *Wilkinson v. Dotson* 544 U.S. 74, 78 (2005), the Supreme Court reviewed a long line of cases that delineated the differences between a habeas action under 28 U.S.C. § 2254 and a civil action under 42 U.S.C. § 1983. The Court observed:

> "This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also *Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d

383 (1994); *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). He must seek federal habeas corpus relief (or appropriate state relief) instead."

In terms of an action for the restoration of good-time or disciplinary credits, *Wilkinson v. Dotson* explained the *Preiser* decision as follows:

> "Defining the scope of that exception [to the broad scope of § 1983 actions], the Court concluded that a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' *id.,* at 489, 93 S.Ct. 1827, and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement, *id.,* at 482, 93 S.Ct. 1827. Because an action for restoration of good-time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of ... physical confinement,' *id.,* at 487–488, 93 S.Ct. 1827, and thus lies at 'the core of habeas corpus,' *id.,* at 487, 93 S.Ct. 1827. Therefore, the Court held, the *Preiser* prisoners could not pursue their claims under § 1983."

The Plaintiffs in this case are not merely asking for a new parole hearing. In explicitly seeking an immediate parole and release from custody, they are clearly challenging the fact and duration of their confinement. Under *Preiser*, as affirmed in *Wilkinson*, this claim is not cognizable in a § 1983 action.

### B.    Denial of Sentence Commutation

Plaintiff Fitts has not plausibly alleged a constitutional violation regarding the Governor's denial of a reprieve or commutation of his sentence. In *Manning v. Unknown Parties*, 56 Fed.Appx. 710, 711, 2003 WL 858105, *1 (6th Cir. 2003), the Sixth Circuit held:

> "The possibility of release upon reprieve, commutation, or pardon depends entirely on the discretion of the governor. *See* Mich. Const.1963 art. 5, § 14; Mich. Comp. Laws § 791.244. Just as the presence of a parole system does not give rise to a constitutionally protected liberty interest in parole, *see Bd. of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the power of the governor of Michigan to grant a reprieve, commutation, or pardon does not create a liberty interest in such release."

Because Fitts does not have a constitutionally protected interest in a sentence commutation, this claim must be dismissed.

### C.     Denial of Parole

Plaintiffs have no constitutionally protected liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1 (1979). The Sixth Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown*, 27 F.3d 1162, 1164 -1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad," as in Michigan, "the State has not created a constitutionally protected liberty interest" by enacting procedural rules.' *Id.* "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982)."

In addition, Plaintiff Fitts' allegation that his parole was violated in retaliation for his having made complaints about the City of Inkster does not meet the plausibility test of *Iqbal*. He has not shown a causal connection between the violation and any specific complaint, *see Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999), and in fact, he admits that his parole was violated after an illegal firearm was found in his residence.

Plaintiffs have not shown a plausible constitutional violation resulting from their denial or revocation of parole, and these claims should be dismissed.

### D.  Qualified Immunity

Qualified immunity is an affirmative defense.  A state official is protected by qualified immunity unless the Plaintiff shows (1) that the Defendant violated a constitutional right, and (2) the right was clearly established to the extent that a reasonable person in the Defendant's position would know that the conduct complained of was unlawful. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Under *Saucier*, the inquiry was sequential, requiring the district court to first consider whether there was a constitutional violation.  However, in *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the Supreme Court held that the two-step sequential analysis set forth in *Saucier* is no longer mandatory.   Rather, *Pearson* commended the order of inquiry to the judge's discretion, to be exercised on a case-by-case basis.

As discussed above, the Plaintiffs have not shown a violation of any constitutional right.  As such, these Defendants are protected by qualified immunity.

### E.  Personal Liability

All Defendants have been sued in their individual capacities. Even assuming that any of their subordinates committed constitutional violations (and they did not), supervisory or executive Defendants such as the Governor or the Warden would have no personal liability.  In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability.  *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.  1984)(at a minimum, a § 1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate).

Supervisory liability under § 1983 is precluded even if the supervising entity is aware of improper activity of its subordinates and fails to act; it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 96 (1976); *Bellamy, supra*.

Plaintiffs have made no showing that any of the Defendants were personally involved in the alleged misappropriation of funds in their prisoner accounts or that they otherwise engaged in any predicate acts that might support a RICO claim. The Parole Board members, of course, were personally involved in denying parole, but as explained above, that does not state a constitutional violation.

## IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion for Dismissal [Doc. #22] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: September 3, 2013

---

**CERTIFICATE OF SERVICE**

I hereby certify on September 3, 2013, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 3, 2013:

**Cameron Fitts, #198867**
**Gus Harrison Correctional Facility**
**2727 E. Beecher Street**
**Adrian, MI 49221**

**Michael Davis, #158712**
**G. Robert Cotton Correctional Facility**
**3500 N. Elm Road**
**Jackson, MI 49201**

**Kenneth Wilson, #116245**
**G. Robert Cotton Correctional Facility**
**2500 N. Elm Road**
**Jackson, MI 49201**

s/Terri L. Hackman
Secretary to
Magistrate Judge R. Steven Whalen
(313) 234-5115