UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, ET AL.,

    Plaintiffs,

v.

RICK SNYDER, ET AL.,

    Defendants.

_____/

Case No. 12-13575

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [49], GRANTING DEFENDANTS' MOTION TO DISMISS [22], AND DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT THE COMPLAINT [39]

    Before the Court is the Magistrate Judge's Report and Recommendation (R&R) [49], recommending that this Court GRANT Michigan Department of Corrections (MDOC) Defendants' Motion to Dismiss [22]. Also before the Court is Plaintiff Kenneth Wilson's Motion to Amend/Correct the Complaint [39].

    Pro se Plaintiffs Cameron Fitts, Michael Davis, and Kenneth Wilson filed a Complaint [1] on August 13, 2012. Plaintiffs filed an Amended Complaint [12] on October 1, 2012. MDOC Defendants' Motion to Dismiss [22] was filed on February 20, 2013. On May 10, 2013, Plaintiff Wilson filed the pending Motion to Amend/Correct the Complaint [39]. On May 30, 2013, Plaintiff Wilson filed an Amendment to Relief [45]. Magistrate Judge Whalen filed the R&R [49] now before this Court on September 3, 2013. On September 16, 2013, Plaintiff Wilson filed

Objections [52] to the R&R [49]. No other objections to the R&R [49] have been filed.

For the reasons stated below, Defendants' Motion to Dismiss [22] is GRANTED, and Plaintiff Wilson's Motion to Amend/Correct the Complaint [39] is DENIED.

## Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. See 28 U.S.C. §636(b)(1)(c).

In a motion to dismiss, "the Plaintiff's well-pleaded factual allegations are taken as true, and reasonable inferences must be drawn in the Plaintiff's favour." *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). However, a court need not accept as true legal conclusions or draw unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Further the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff's factual allegations must do more than demonstrate a "sheer possibility that a defendant has acted unlawfully." *Id.*

## Analysis

Plaintiff Wilson first objects, contending that the issues raised in the original Complaint [1] "were not the issues of law that pertained" to him. Plaintiff argues that

the issues raised in the Complaint [1] were raised by Plaintiff Fitts, who as a non-lawyer, cannot represent Plaintiff Wilson. While Plaintiff Wilson is correct that Plaintiff Fitts cannot represent Plaintiff Wilson, Plaintiff Wilson fails to recognize that he signed the Complaint [1] as a pro se party, in addition to Plaintiffs Fitts and Davis. Therefore, the Complaint [1] was not brought before the Court by Plaintiff Fitts on behalf of Plaintiff Wilson. Plaintiff Wilson brought the Complaint [1] on behalf of himself as a pro se party.

Second, Plaintiff Wilson objects, arguing that he attempted to amend the Complaint [1] through his now pending Motion to Amend/Correct the Complaint [39] and Amendment to Relief [45]. In these two pleadings as well as Plaintiff Wilson's Objections [52], Plaintiff asserts that he only seeks injunctive relief, administrative relief in the form of a court order requiring the "Michigan Parole Board to follow the requirements of law," and compensatory and punitive damages in the amount of $3 million, as opposed to release or restoration of good time or disciplinary credits. In Plaintiff's Objections [52], Plaintiff Wilson also argues that he is "not asserting a constitutional right to parole, pardon, or commutation." Instead, Plaintiff Wilson now contends that his claims concern "the use of unlawfully amended laws, rules, and regulations, that did not confirm to the statutory requirements of the Administrative Procedures Act." Plaintiff then lists the laws, rules, and regulations that he alleges were unlawfully amended. These laws, rules, and regulations pertain to: (1) prisoner

classification and transfer; (2) parole, pardon, reprieve, and commutation of sentence; (3) prisoner hearing procedures; and (4) presentence reports.

Plaintiff's second objection fails for several reasons. First, Plaintiff's Motion to Amend/Correct the Complaint [39] and Amendment to Relief [45] were filed after Defendants' Motion to Dismiss [22], nearly eight months after Plaintiffs' Amended Complaint [1]. Federal Rule of Civil Procedure 15 provides that the "court should freely give leave when justice so requires." The interests of justice are not served by allowing such an amendment to the complaint so late in the progression of this case, particularly when lack of notice and substantial prejudice to the opposing party may result from the amendment. *See Pittman v. Franklin*, 282 Fed. Appx. 418, 425 (6th Cir. 2008). Moreover, in so far as Plaintiff Wilson's amendments focus on Defendants' alleged "use" of unlawfully amended laws, rules, and regulations to make parole decisions, this issue is included in the Complaint [1]. *See* Complaint [1], at 7. The issue is then addressed by the Magistrate Judge in its finding that Plaintiffs have no Constitutionally protected liberty interest in parole. *See* R&R [49]. Finally, Plaintiff Wilson's claim that the amendment of the laws, rules, and regulations did not conform to the requirements of the Administrative Procedures Act is vague and provides no "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949.

4

Third, Plaintiff Wilson objects to certain issues in regard to Defendant Dan Bolden. Defendant Bolden is not a party to the instant Motion to Dismiss [22], therefore the Court will not address Plaintiff's objection here.

Lastly, Plaintiff Wilson requests leave to file "an original complaint to bring only his issues before the court." As a pro se party, this Court holds Plaintiff Wilson to a less stringent standard. *See Ogle v. Columbia Gas Transmission, LLC*, 513 Fed. Appx. 520, 522 (6th Cir. 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Therefore, this Court is not addressing Plaintiff's newly amended claims on the merits. Plaintiff Wilson's claims are thus unresolved and may be brought in a separate case.

## Conclusion

For the reasons stated above, the R&R [49] is AFFIRMED, MDOC Defendants' Motion to Dismiss [22] is GRANTED, and Plaintiff Wilson's Motion to Amend/Correct the Complaint [39] is DENIED.

Therefore,

**IT IS HEREBY ORDERED** that the R&R [49] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that MDOC Defendants' Motion to Dismiss [22] is **GRANTED**.

5

**IT IS FURTHER ORDERED** that Plaintiff Wilson's Motion to Amend/Correct the Complaint [39] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow<br>
ARTHUR J. TARNOW<br>
SENIOR UNITED STATES DISTRICT JUDGE

DATED: September 27, 2013

---

### CERTIFICATE OF SERVICE

I hereby certify on September 27, 2013 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 27, 2013: **Cameron Fitts, Michael Davis, Kenneth Wilson.**

s/Michael E. Lang<br>
Case Manager to<br>
District Judge Arthur J. Tarnow<br>
(313) 234-5182