UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, ET AL.,

       Plaintiffs,                          No. 12-13575

v.                                     District Judge Arthur J. Tarnow
                                       Magistrate Judge R. Steven Whalen

RICK SNYDER, ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Summary Judgment [Doc. #37], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.   FACTS

On August 13, 2012, Plaintiffs Cameron Fitts, Michael Davis and Kenneth Wilson, prison inmates in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983 [Doc. #1]. On October 1, 2012, they filed an amended complaint [Doc. #41]. Mr. Fitts is the only Plaintiff who has made a claim against Defendant Rene C. Vives, N.P. At ¶ 9 of the amended complaint, he alleges that Vives, a Nurse Practitioner, withheld "mental medication" from him in retaliation for having filed a grievance. Defendant Vives has filed an answer to the complaint in which she denies these allegations [Doc. #21].

Plaintiff Fitts restates these allegations against Defendant Vives in his motion. However, there has been no discovery in this case, and Plaintiff has consequently not

provided any evidentiary material, e.g., interrogatory responses, documents, deposition transcripts, to substantiate his claims.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to

defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.   DISCUSSION

Plaintiff filed a complaint against Ms. Vives. She filed an answer, denying the allegations in the complaint. There has been no discovery, and Plaintiff has not submitted any evidentiary material or portions of the record (other than his own complaint) that demonstrate the absence of a genuine dispute over material facts. *Street v. J.C. Bradford & Co., supra*. That the Plaintiff merely alleges that Ms. Vives retaliated against him is insufficient to sustain his initial burden in a summary judgment motion. There simply is no record on which the Court could decide that there are no triable material facts on which a jury could find for the Defendant. *See* Rule 56(c). Moreover, the Defendant is entitled to a reasonable opportunity for discovery before having to defend against a summary judgment motion.[1] *Celotex Corp.*, *supra*, 477 U.S. at 322-23. Plaintiff is not entitled to summary judgment at this stage of the proceedings.

### IV.   CONCLUSION

I therefore recommend that Plaintiff's Motion for Summary Judgment [Doc. #37] be DENIED.

---

[1] On November 22, 2013, I granted Defendant's motion to stay discovery pending resolution of pending motions to dismiss [Doc. #58].

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 14, 2014

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 14, 2014, electronically and/or by U.S. mail.

s/Michael Williams
Case Manager for the
Honorable R. Steven Whalen