UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, ET AL.,

             Plaintiffs,                   No. 12-13575

v.                                   District Judge Arthur J. Tarnow
                                   Magistrate Judge R. Steven Whalen

RICK SNYDER, ET AL.,

             Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss [Doc. #41], filed by Defendant Rene C. Vives, N.P.[1], that has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

## I.   FACTS

On August 13, 2012, Plaintiffs Cameron Fitts, Michael Davis and Kenneth Wilson, prison inmates in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983 [Doc. #1]. On October 1, 2012, they filed an amended complaint [Doc. #41]. Mr. Fitts is the only Plaintiff who has made a claim against Defendant Rene C. Vives, N.P. At ¶ 9 of the amended complaint, he alleges that Vives, a Nurse Practitioner, withheld "mental medication" from him in retaliation for having filed a grievance.

_____

[1] Although this motion appears to be brought by both Vives and MHM Services, Inc. ("MHM"), MHM is not a named Defendant, nor does the amended complaint contain any allegations against MHM. Therefore, this Report and Recommendation will discuss only Defendant Vives.

Defendant Vives moves for dismissal, arguing that Plaintiff failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Specifically, she contends that the Plaintiff's Step Three grievance was not filed timely.

### III.    STANDARD OF REVIEW RE: EXHAUSTION

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

-2-

## III.   DISCUSSION

MDOC Policy Directive (PD) 03.02.130 provides prison inmates a detailed procedure for bringing forward complaints.  This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits.  First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved.  If such an attempt is not possible, or if it is unsuccessful, the inmate must then *file* a Step I grievance form within five days.  The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant.  If the inmate is not satisfied with the response, he must request a Step II appeal form and *file* it within ten days after receiving the Step I response.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to *file* a Step III appeal.  Specifically,  ¶ FF of the Policy Directive (which is appended to Defendant's brief as an exhibit) states, "To file a Step III grievance, the grievant must *send* a completed Step III grievance..within ten business days after receiving the Step II response...." (Emphasis added).  The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan.  The Step III response concludes the standard administrative process.

Plaintiff filed and pursued grievance no. ARF 12030982 against Defendant Vives through Step III of the administrative process. However, the grievance was rejected at Step III, as indicated in the Step III response[2], as follows:

"In accordance to PD 03.02.130 grievances are to be rejected untimely.

---

[2] The Step III grievance response is appended as an exhibit to Defendant's brief.

Pursuant to policy, this grievance is untimely filed at the Step III appeal. The grievant's Step III appeal was to be *received* by June 29, 2012, however it was not *received* until July 19, 2012. The grievant does not provide appropriate support for this delay." (Emphasis added).

As Plaintiff cogently points out in his response [Doc. #47], once he provides his Step III grievance appeal to the prison mail room, he has no control over when Prison Affairs actually receives it. This is the dilemma that has been addressed by the so-called prison mailbox rule, in the context of filing a complaint, and it is recognized in the Policy Directive that states not that the appeal must be *received* within 10 days of the Step II response, but that the inmate must *send* it within 10 days. The error in the Step III rejection was that it was based on when the Plaintiff's appeal was received, not when it was sent. Moreover, Defendant has not met her burden, under *Jones v. Bock*, of showing that the Step III appeal was not *sent* in conformance with the Policy Directive. This means that Defendant has not met her burden of showing that the grievance was not *properly* exhausted under *Woodford v. Ngo*. Defendant's motion to dismiss should therefore be denied.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #41] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 14, 2014                    s/R. Steven Whalen
                                           R. STEVEN WHALEN
                                           UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on January 14, 2014, electronically and/or by U.S. mail.

                                           s/Michael Williams
                                           Case Manager for the
                                           Honorable R. Steven Whalen

-5-