UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, ET AL.

Plaintiffs,

-vs-

RICK SNYDER, ET AL.,

Defendants.
_______________________________ /

No. 12-13575
District Judge Arthur J. Tarnow
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On August 13, 2012, Plaintiffs Cameron Fitts, Michael Davis and Kenneth Wilson, prison inmates in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983 [Doc. #1]. On October 1, 2012, they filed an amended complaint [Doc. #12]. Before the Court is Defendant Dan Bolden's Motion for Dismissal [Doc. #44], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

## I. FACTS

The Plaintiffs have named 17 Defendants in their amended complaint. Regarding Defendant Bolden, the former Deputy Director of the MDOC, Plaintiffs allege as follows:

> "That the Defendant(s) Snyder, Heyns, **Bolden**, Van Ochten, Granholm, McEachern, Scutt knows that the administrative rules for major misconduct our (*sic* are) illegal and null and void as a matter of state and federal law because Defendant Van Octen told on Defendant Bolden that from 1987 until 2006 that Defendant Bolden told her to tell all the administrative hearing officers to find 90% in every hearing guilty and 10% not guilty." *Amended Complaint* [Doc. #12], ¶ 3.

The significance of the allegation that the administrative rules were "null and void" is as follows. Plaintiff Fitts contends that 563 days of disciplinary credits were

unlawfully taken from him by virtue of the void administrative rule. *Id.* ¶ 1. He further contends that he was denied parole as a result of the unlawfully amended rule. *Id.* ¶ 5. Plaintiffs Wilson and Davis contend that they were denied requests for "a pardon, reprieve, or a commutation" illegally, because past misconducts were obtained under the invalid administrative rules. *Id.* ¶ 2. Construing the amended complaint liberally, Wilson and Davis also appear to allege that they were denied parole as a result of the unlawfully amended administrative rules. *Id.* ¶ 3.

On September 3, 2013, I filed a Report and Recommendation ("R&R") [Doc. #49] recommending that a motion to dismiss filed by state Defendants, parole board members, and certain MDOC administrators be granted. I found that the issue of the revocation of disciplinary credits was not cognizable in an action under 42 U.S.C. § 1983; that Plaintiffs did not have a constitutionally protected interest in either a governor's sentence commutation or a parole; and that in any event, the Defendants were entitled to qualified immunity. On September 27, 2013, District Judge Arthur J. Tarnow adopted the R&R and granted the motion to dismiss [Doc. #54].

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

## III. DISCUSSION

In his response to this motion [Doc. #46 and #50], Plaintiff Wilson states that he "is not raising an issue concerning disciplinary or good time credits." Rather, he argues that he "was denied due process through the parole board['s] use of unlawfully amended laws, rules, and regulations in the decision making process." *Plaintiff Wilson's Response* [Doc. #46], ¶ 2.[2] This is essentially the same argument he made in his objections to my previous R&R. *See Plaintiff's Objections* [Doc. #52], p. 2.

The question of whether or not the MDOC promulgated rules in violation of Michigan law is not in itself cognizable in federal court. In order to state a civil rights claim cognizable under 42 U.S.C. § 1983, a plaintiff must allege the deprivation of a right secured by the Constitution or laws of the United States. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brotherton v. Cleveland*, 923 F.2d 477, 479 (6th Cir.1991). *See also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(federal court cannot, consistent with the Eleventh Amendment, order state officials to conform their conduct to state law). The Plaintiffs have a viable issue only to the extent that there has been a violation of federal law. Here, they claim an indirect federal due process violation because the allegedly invalid state rules and regulations impacted their possibility of parole and, in the case of Fitts, the forfeiture of disciplinary credits and the possibility of a sentence commutation. However, as I explained in my previous R&R [Doc. #49], Plaintiffs have no constitutionally protected liberty interest in either parole or

[2] Plaintiffs Fitts and Davis have not filed responses to this motion.

commutation. To repeat what I wrote previously, Plaintiff Fitts has not plausibly alleged a constitutional violation regarding the Governor's denial of a reprieve or commutation of his sentence. In *Manning v. Unknown Parties*, 56 Fed.Appx. 710, 711, 2003 WL 858105, *1 (6th Cir. 2003), the Sixth Circuit held:

> "The possibility of release upon reprieve, commutation, or pardon depends entirely on the discretion of the governor. *See* Mich. Const.1963 art. 5, § 14; Mich. Comp. Laws § 791.244. Just as the presence of a parole system does not give rise to a constitutionally protected liberty interest in parole, *see Bd. of Pardons v. Allen*, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the power of the governor of Michigan to grant a reprieve, commutation, or pardon does not create a liberty interest in such release."

Because Fitts does not have a constitutionally protected interest in a sentence commutation, any claim involving commutation must be dismissed.

Also, Fitts' claim for restoration of disciplinary credits is properly addressed in a habeas corpus petition, not an action under § 1983. *Wilkinson v. Dotson* 544 U.S. 74, 78 (2005).

Likewise (as I previously wrote), Plaintiffs have no constitutionally protected liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1 (1979). The Sixth Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown*, 27 F.3d 1162, 1164 -1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad," as in Michigan, "the State has not created a constitutionally protected liberty interest" by enacting procedural rules.' *Id.* "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319,

322 (E.D.Mich. 2001) (internal citations omitted). “The Michigan parole statute does not create a right to be paroled.” *Id.*; *Hurst v. Dep't of Corr. Parole Bd.*, 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982).”

In short, while Plaintiffs have most strenuously argued a violation of the state Administrative Procedures Act, they have not shown a plausible federal due process violation, or any other violation of federal law.

Judge Tarnow accepted my conclusions in his Opinion and Order granting the previous motion to dismiss [Doc. #54]. For these same reasons, Defendant Bolden’s motion to dismiss should be granted.[3]

## IV. CONCLUSION

I recommend that Defendant Dan Bolden’s motion for dismissal [Doc. #44] be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed’n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.

---

[3] Because Plaintiffs have failed to state a plausible constitutional claim against Bolden, it is not necessary to discuss his statute of limitations argument.

1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: January 14, 2014

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 14, 2014, electronically and/or by U.S. mail.

s/Michael Williams
Case Manager for the
Honorable R. Steven Whalen