UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, ET AL.,

        Plaintiffs,

v.

RICK SNYDER, ET AL.,

        Defendants.
_____/

CASE NO. 12-13575

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS [63] AND GRANTING DEFENDANT DAN BOLDEN'S MOTION TO DISMISS [44]

Before the Court is the Magistrate Judge's Report and Recommendation [63], recommending that the Court grant Defendant Dan Bolden's Motion to Dismiss [44].

For the reasons stated below, the Report and Recommendation [63] is adopted, Defendant Bolden's Motion to Dismiss [44] is granted.

### I. Procedural Background

On August 13, 2012, pro se Plaintiffs filed their Complaint [1] before this Court. Plaintiffs filed an Amended Complaint [12] on October 1, 2012.

On September 27, 2013, this Court entered an Order [54] granting all Michigan Department of Corrections (MDOC) Defendants' Motion to Dismiss [22].

On May 20, 2013, Defendant Dan Bolden filed his Motion to Dismiss [44]. Plaintiff Kenneth Wilson filed a Response [46] on June 12, 2013.

The Magistrate Judge entered the Report and Recommendation [63], recommending that this Court grant Defendant Bolden's Motion to Dismiss [44], on January 14, 2014. On January 29, 2014, Plaintiff Michael Davis filed Objections [72] to the Report and Recommendation [63].[1]

Plaintiff Davis filed a Petition for Habeas Corpus [67] on January 21, 2014.

## II. Standard of Review

The Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo.* Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. §636(b)(1)(C). Making some objections to a Magistrate Judge's Report and Recommendation, but failing to raise others, will not preserve all objections a party may have to the Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006).

In a motion to dismiss, "the Plaintiff's well-pleaded factual allegations are taken as true, and reasonable inferences must be drawn in the Plaintiff's favour." *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990). However, a court need

---

[1]The docket incorrectly labels entries [68] and [69] as objections. Instead, the substance of these entries suggest that they are more appropriately categorized as separate motions, and will not be addressed by the Court here.

not accept as true legal conclusions or draw unwarranted factual inferences. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Further the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plaintiff's factual allegations must do more than demonstrate a "sheer possibility that a defendant has acted unlawfully." *Id*.

### III. Facts.

The Report and Recommendation [63] contains an explanation of the factual background of this case. The Court adopts the factual background as set out in the Report and Recommendation [63] in full.

### IV. Analysis

Defendant Dan Bolden is former deputy director of the MDOC. Plaintiffs' Amended Complaint [12] claims that Defendant Bolden improperly denied Plaintiff Fitts 563 days of disciplinary credits, improperly denied parole to all Plaintiffs, and improperly denied Plaintiff Davis and Wilson's requests for "pardon, reprieve, or a commutation." Plaintiffs argue that these actions were improper as they were based on illegally amended state law. Plaintiffs in part request release from custody.

In the Report and Recommendation [63] now before the Court, the Magistrate Judge correctly finds that Plaintiffs have failed to make claims cognizable in federal court, or more specifically, that Plaintiffs have failed to allege the deprivation of a

right secured by the Constitution or laws of the United States. Such an allegation is required to make a cognizable civil rights claims under 42 U.S.C. § 1983. *See Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010)("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under §1983.").

Plaintiffs attempt to make claims of Constitutional due process violations based on allegedly invalid state rules and regulations, which Plaintiffs assert impacted the possibility of parole, pardon, and reprieve, forfeiture of disciplinary credits, and the possibility of sentence commutation. However, Plaintiffs have no constitutionally protected liberty interest in parole, reprieve, commutation, or pardon. *Manning v. Unknown Parties*, 56 Fed. Appx. 710, 711 (6th Cir. 2003). Moreover, to the extent to which Plaintiffs seek to attack the legality or length of their confinement, including Plaintiff Fitts's claims as to disciplinary credits, these requests are more appropriately made in a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973); *see also Ruiz v. Hofbauer*, 325 Fed. Appx. 427, 430 (6th Cir. 2009).

In Plaintiff Davis's Objections [72] now before the Court, Plaintiff first requests that his "personal records" are not sent to his co-Plaintiffs. Local Rule 5.3 provides that, "[w]hen a statute or rule authorizes filing a document or other item under seal in a civil case, the item may be filed without a court order...A separate notice of filing under seal must be filed before filing an item under seal...Except as provided by

statute or rule, documents...may be sealed in a civil case only by court order." Plaintiff does not detail the exact records he wishes to be sealed, and therefore the Court is unable to comply with this request at this time.

In his Objections [72], Plaintiff Davis goes on to list a series of alleged facts and legal claims. This list includes that Plaintiff Davis was denied pardon in November 2012, was mislead regarding the commutation of his sentence and future release, was wrongfully arrested, is currently falsely imprisoned, that unlawful misconduct occurring against Plaintiff while incarcerated will not stop until he is released, and that Plaintiff has a constitutional right to pardon, reprieve, and release upon writ of habeas corpus.

In making these objections, Plaintiff Davis fails to negate the legal basis requiring the granting of Defendant Bolden's Motion to Dismiss [44] as detailed above. *See supra* at 3-5. In fact, Plaintiff Davis fully recognizes that his claims, particularly as to the legality and length of his confinement are properly addressed through a petition for writ habeas corpus.[2]

Plaintiff Davis's Objections [72] include new allegations of possible physical and medical abuse. However, these allegations do not appear to be made against Defendant Bolden.

---

[2] Plaintiff Davis has filed a Petition for Habeas Corpus [67] before this Court. The Court will not address Plaintiff's Petition [67] at this time.

Therefore, Plaintiff Davis's Objections [72] are without merit.

## V. Conclusion

For the reasons stated above, the Report and Recommendation [63] is adopted, Defendant Bolden's Motion to Dismiss [44] is granted.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Bolden's Motion to Dismiss [44] is **GRANTED**.

**SO ORDERED**.

                                       s/Arthur J. Tarnow
                                       ARTHUR J. TARNOW
                                       SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 31, 2014

---

**CERTIFICATE OF SERVICE**

I hereby certify on March 31, 2014 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 31, 2014: **Cameron Fitts, Michael Davis, Kenneth Wilson.**

                                       s/Michael E. Lang
                                       Case Manager to
                                       District Judge Arthur J. Tarnow
                                       (313) 234-5182