UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, et al.,

  Plaintiffs,

           CASE NO. 2:12-CV-13575
v.           JUDGE JUDITH E. LEVY
           MAGISTRATE JUDGE PAUL KOMIVES

RICK SNYDER, et al.,

  Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF MICHAEL DAVIS'S PETITION FOR WRIT OF HABEAS CORPUS (docket #67)

I. <u>RECOMMENDATION</u>: The Court should strike plaintiff Michael Davis's petition for a writ of habeas corpus.

II. <u>REPORT</u>:

A. *Background*

  Plaintiffs Cameron Fitts, Michael Davis, Kenneth Wilson are state prisoners in the custody of the Michigan Department of Corrections. On August 13, 2012, plaintiffs commenced this action by filing a *pro se* civil rights complaint pursuant to § 1983. Plaintiffs filed an amended complaint on October 1, 2012. Named as defendants are: Michigan Governor Rick Snyder; former Governor Jennifer Granholm; Daniel Heyns, Director of the Michigan Department of Corrections (MDOC); former MDOC Deputy Director Dan Bolden; former Administrator of the MDOC's Hearings and Policy Division Marjorie Van Ochten; MDOC Director of Prisoner Affairs Kenneth MacEachern; Debra Scutt, Warden of the G. Robert Cotton Correctional Facility; Thomas Combs, Chairman of the Michigan Parole Board; Parole Board members Amy Bonito, Anthony King, Barbara Sampson, and Sonia Warchock; Carrie Sibenski, Supervisor of the Lincoln Park Parole Office; Parole Officers

Argelio Vela, Rogers, and Hawes; and Nurse Practitioner Rene Vives. In their amended complaint, plaintiffs generally raise claims challenging the revocation of good time credits, major misconduct violations, the denial of parole, the use of inmate funds, and a medical claim relating to plaintiff Fitts. Through various orders, plaintiffs' claims have been dismissed as to defendants Snyder, Heyns, Combs, Bonito, King, Sampson, Warchock, Bolden, Granholm, MacEachern, Sibenski, Vela, and Scutt. Only defendants Van Octen, Rogers, Hawes, and Vivus remain as defendants.

The matter is currently before the Court on a number of motions filed by plaintiff Michael Davis. This Report addresses plaintiff Davis's petition for a writ of habeas corpus. Plaintiff Davis's other motions are addressed in a separate Opinion and Order filed on this date. On January 21, 2014, plaintiff Davis filed in this case a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket #67). Plaintiff's petition challenges his underlying 1980 conviction for first degree murder on various grounds.

For the reasons that follow, the Court should strike plaintiff's petition for a writ of habeas corpus.

B.   *Analysis*

Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983, which provides for a civil cause of action against any person who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The federal habeas statute, on the contrary, does not provide for a civil damages remedy; rather, the statute permits a state prisoner to challenge his incarceration "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Both of these [statutes] provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation." *Heck v. Humphrey*, 512 U.S. 477, 480

2

(1994). In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Court held that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481 (citing *Preiser*, 411 U.S. at 488-90). In *Heck*, the Court extended *Preiser* to civil rights suits under § 1983 which seek only damages (and not speedier release) if success on the underlying claim would nevertheless imply that the underlying conviction is invalid. *See id*. at 486-87. There is no question that plaintiff Davis's habeas petition filed in this case is not properly brought under § 1983. Plaintiff Davis challenges the validity of his underlying conviction, seeks immediate release, and indeed titles his petition as one seeking habeas corpus relief under § 2254.

The only question, therefore, is whether plaintiff Davis's habeas petition may be properly joined with this civil rights action. The Court should conclude that it cannot be so joined. As the Court noted in *Heck*, not only do civil rights suits and habeas corpus actions serve different purposes, but they also "differ in their . . . operation." *Heck*, 512 U.S. at 480. Civil rights suits and habeas corpus petitions are subject to different filing fees; different exhaustion requirements, *compare* 42 U.S.C. § 1997e(a) *with* 28 U.S.C. § 2254(b); and different statutes of limitations, *compare Wilson v. Garcia*, 471 U.S. 268-69, 275-76 (1985), *with* 28 U.S.C. § 2244(d). Further, unlike civil rights suits which are governed by normal *res judicata* principles, a prisoner may generally only bring one habeas corpus challenge to his conviction. *See* 28 U.S.C. § 2244(b). And *Heck* makes clear that "[t]hese avenues are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action," and vice-versa. *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). In light of these factors, the general practice "is to disallow joinder of prisoner civil rights claims challenging conditions of confinement with a request for habeas relief." *Sharp v. Ritter*, No. , 2010 WL 4449390, at *2 (D. Colo. Nov. 1, 2010); *see Serio v. Members of La.*

3

*State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987); *Catanzaro v. Harry*, No. 1:11-cv-867, 2011 WL 6885419, at *2 (W.D. Mich. Dec. 29, 2011); *McClung v. Stefanatos*, No. 1:10 CV 218, 2010 WL 2802347, at *3 (N.D. Ind. July 14, 2010). This practice is supported by the Rules Governing Section 2254 Cases in the United States District Courts. Specifically, Rule 2 requires that a petition "substantially follow . . . the form appended to these rules," Rule 2(d), 28 U.S.C. foll. § 2254, and "[t]he prescribed forms do not allow [a prisoner] to file both a Writ of Habeas Corpus and a § 1983 civil rights action in the same document." *Cochrun v. Chipowsky*, No. 13-4092, 2014 WL 2456684, at *1 (D.S.D. June 2, 2014). Further, Rule 2 provides that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court," Rule 2(e), suggesting that each habeas corpus challenge to a state conviction is intended to be brought as a stand-alone action. In short, if plaintiff Davis wishes to challenge his underling conviction, his appropriate course of action is to file a separate habeas corpus petition that complies with Rule 2.[1] Accordingly, the Court should strike plaintiff Davis's habeas corpus petition.[2]

C.     *Conclusion*

---

[1] I express no opinion on the viability of any habeas corpus petition plaintiff may choose to file. For example, as petitioner was convicted in 1980 it is likely, but not certain, that his petition would be barred by the one year statute of limitations set forth in 28 U.S.C. § 2254.

[2] Even if the Court concludes that plaintiff's habeas action may be properly joined with this civil rights action, the Court should nevertheless strike the petition because it fails to comply with Rule 2. As noted above, that rule requires the petition to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rule 2(d). Plaintiff's petition does not contain any of the information required by the prescribed form, which includes the name of the court that entered judgment; the dates of conviction and sentencing; the petitioner's plea; whether the petitioner had a jury trial; whether the petitioner testified; the dates and results of, and issues raised in, any appeals or collateral proceedings; whether a previous challenge to conviction has been filed in federal court; and the names and addresses of any attorney who represented the petitioner. *See* Appendix of Forms, 28 U.S.C. foll. § 2254.

In view of the foregoing, the Court should strike plaintiff Davis's petition for a writ of habeas corpus, without prejudice to plaintiff filing a separate habeas corpus action in compliance with Rule 2, 28 U.S.C. foll. § 2254.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 11, 2014          s/ Paul J. Komives
                              PAUL J. KOMIVES
                              UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on June 11, 2014, electronically and/or by U.S. Mail.

                                                                         s/Michael Williams  
                                                                         Case Manager to the  
                                                                         Honorable Paul J. Komives