UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, et al.,

       Plaintiffs,

  v.                                CASE NO. 2:12-CV-13575
                                      JUDGE JUDITH E. LEVY
                                      MAGISTRATE JUDGE PAUL J. KOMIVES

RICK SNYDER, et al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF DAVIS'S MOTIONS TO AMEND (docket #66, 73, 74, and 84), PLAINTIFF DAVIS'S MOTION FOR ORDER TO SHOW CAUSE (docket #88), and PLAINTIFF DAVIS'S MOTION FOR CLARIFICATION (docket #89)**

I.    OPINION

A.    *Background*

Plaintiffs Cameron Fitts, Michael Davis, Kenneth Wilson are state prisoners in the custody of the Michigan Department of Corrections. On August 13, 2012, plaintiffs commenced this action by filing a *pro se* civil rights complaint pursuant to § 1983. Plaintiffs filed an amended complaint on October 1, 2012. Named as defendants are: Michigan Governor Rick Snyder; former Governor Jennifer Granholm; Daniel Heyns, Director of the Michigan Department of Corrections (MDOC); former MDOC Deputy Director Dan Bolden; former Administrator of the MDOC's Hearings and Policy Division Marjorie Van Ochten; MDOC Director of Prisoner Affairs Kenneth MacEachern; Debra Scutt, Warden of the G. Robert Cotton Correctional Facility; Thomas Combs, Chairman of the Michigan Parole Board; Parole Board members Amy Bonito, Anthony King, Barbara Sampson, and Sonia Warchock; Carrie Sibenski, Supervisor of the Lincoln Park Parole Office; Parole Officers

Argelio Vela, Rogers, and Hawes; and Nurse Practitioner Rene Vives. In their amended complaint, plaintiffs generally raise claims challenging the revocation of good time credits, major misconduct violations, the denial of parole, the use of inmate funds, and a medical claim relating to plaintiff Fitts. Through various orders, plaintiffs' claims have been dismissed as to defendants Snyder, Heyns, Combs, Bonito, King, Sampson, Warchock, Bolden, Granholm, MacEachern, Sibenski, Vela, and Scutt. Only defendants Van Octen, Rogers, Hawes, and Vivus remain as defendants.

The matter is currently before the Court on a number of motions filed by plaintiff Michael Davis. On January 21, 2014, plaintiff Davis filed in this case a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket #67). Plaintiff's petition challenges his underlying 1980 conviction for first degree murder on various grounds. This petition is addressed in a separate Report and Recommendation filed on this date. On the same date that he filed his petition, plaintiff Davis filed the first of several motions to amend the complaint (docket #66). He filed a continuation of this motion on January 30, 2014 (docket #73).[1] As best as can be gleaned from plaintiff's motion, he seeks to add claims of false imprisonment based on his unconstitutional conviction, and seeks to add as defendants former Governor John Engler, former Michigan Attorney General Michael Cox, and Magistrate Judge R. Steven Whalen, to whom this case was originally assigned. Plaintiff Davis also apparently seeks to add a claim against MHM Services, Inc., a mental health care services provider at the Cotton Correctional Facility (and the employer of defendant Vives). MHM and defendant Vives filed a response to plaintiff's motion on February 13, 2014, and plaintiff filed a reply on February 27, 2014.

---

[1] Although titled "The Rest of Ex Parte Motion to Correct and Amend to Complaint, That Would Not Fit Into Legal Envelope," the Clerk docketed this pleading as a separate motion to amend. The Court refers to these two motions together as plaintiff's first motion to amend.

Plaintiff Davis filed a second motion to amend on February 12, 2014 (docket #74). In this motion, plaintiff seeks to add as defendants Michigan Attorney General Bill Schuette and Assistant Attorney General Allan Soror, to assert constitutional claims based on their failure to correct his wrongful conviction. Plaintiff also seeks to add new claims against defendants Snyder and Heyns, as well against new defendants Fastilla, Johnson, and Brown, relating to the issuance of misconduct tickets pursuant to allegedly invalid administrative rules. Plaintiff Davis filed his third motion to amend on April 11, 2014. This motion seeks to amend the habeas corpus petition he filed on January 21 (docket #84). Relatedly, on May 13, 2014, plaintiff Davis filed a supplement to his habeas petition and motion for an order to show cause why he should not be immediately released from prison (docket #88). Finally, also on May 13, plaintiff Davis filed a motion titled "Clarification to the Court." This motion apparently provides further argument or allegations in connection with plaintiff Davis's purported claims against MHM Services and Magistrate Judge Whalen.

For the reasons that follow, the Court will deny plaintiff's pending motions.

C.   *Plaintiff's Motions to Amend, to Show Cause, and for Clarification*

In his motions to amend, to show cause, and for clarification to the Court, plaintiff Davis seeks to assert a number of claims. Because these claims are clearly without merit, amendment would be futile.

1.   *Legal Standard*

Ordinarily, leave to amend a complaint or other pleading "shall be freely granted when justice so requires." FED. R. CIV. P. 15(a). Generally, courts have shown "a strong liberality . . . in allowing amendments under Rule 15(a)." *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir.

3

1941). As the Supreme Court has stated:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[w]hen there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is abuse of discretion to deny [the] motion." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981). In short, courts should construe liberally Rule 15(a) in favor of permitting amendment. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 522 (6th Cir. 1999); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Nevertheless, as *Foman* makes clear there are certain situations in which it is appropriate to deny leave to amend. One such circumstance is when amendment would be "futil[e]." *Foman*, 371 U.S. at 182; *see also*, *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). Amendment is futile when the proposed amendment is subject to dismissal under Rule 12(b)(6), that is, when the proposed amendment fails to state a claim upon which relief may be granted. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 307 (6th Cir. 2000); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

2.  *Analysis*

For the most part, plaintiff Davis's proposed claims challenge the validity of his underlying conviction. For instance, in his first motion to amend, plaintiff seeks to add claims of false imprisonment against several new defendants: Michigan Attorney General Bill Schuette, Assistant Attorney General Allan Soros, former Governor John Engler, and former Attorney General Michael Cox. Plaintiff reiterates these claims in his third motion to amend. In his fourth motion to amend, plaintiff seeks to amend his habeas petition, again challenging the constitutional validity of his underlying conviction. And in his motion for an order to show cause, plaintiff seeks immediate release based on the alleged invalidity of his underlying conviction. Amendment to add these claims would be futile. As explained in the separate Report and Recommendation filed on this date, the proper method for plaintiff Davis to challenge the constitutionality of his conviction is through a separately filed application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Under *Heck v. Humphrey*, 512 U.S. 477, 480 (1994), this rule extends to plaintiff Davis's damages claims for false imprisonment, which are premised on the alleged unconstitutionality of his underlying conviction. In *Heck* the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, of for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

5

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated *is not cognizable under § 1983*.

*Heck*, 512 U.S. at 486-87 (footnote omitted) (second emphasis added). Thus, in analyzing whether a claim is barred by the *Heck* rule, a court "must consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence." *Id.* at 487 (emphasis added). The *Heck* rule is not dependent upon plaintiff's characterization of his claim, nor is the applicability of the rule limited to situations in which a plaintiff purports to directly challenge his conviction. Rather, the *Heck* rule is applicable whenever success on a claim–no matter how characterized by the plaintiff–would necessarily imply that his conviction is invalid. As the Court explained in *Heck*, the rule set down in that case applies where "establishing the basis for the damages claims necessarily demonstrates the invalidity of the conviction," *Heck*, 512 U.S. at 481-82, and extends to claims seeking damages not only for wrongful conviction but also "for other harms caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486. Here, success on plaintiff Davis's false imprisonment claims, which are based on his allegation that the underlying conviction is invalid, would necessarily imply the invalidity of his conviction. Thus, plaintiff's proposed amended claims are barred by *Heck*, and leave to amend to add these claims would be futile.

In his first motion to amend, plaintiff Davis also seeks to add claims against Magistrate Judge R. Steven Whalen, the magistrate judge formerly assigned to this case, based on Magistrate Judge Whalen's orders and recommendations in this case. Plaintiff expounds on these claims in his motion for clarification to the Court. Because Magistrate Judge Whalen is immune from suit, leave to amend to add these claims would be futile. Although § 1983, by its language, provides for an action against "every person" who violates another person's rights under color of state law, the

Supreme Court has recognized "that Congress did not intend § 1983 to abrogate immunities 'well grounded in history and reason.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Most officials are protected by qualified immunity, which protects officials to the extent that their conduct does not violate clearly established rights of which a reasonable official would have been aware. However, the Court has also recognized "that some officials perform 'special functions' which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability." *Buckley*, 509 U.S. at 268-69. "A long line of th[e] [Supreme] Court's precedents acknowledges that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam) (citing cases). As the Court has noted, "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872). Further, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11; *see also, Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Immunity can be overcome only in two cases: (1) when the judge takes non-judicial actions, that is, actions not taken in the judge's official capacity; and (2) when the judge takes action, whether judicial or not, in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself[.]" *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). The inquiry focuses on the nature and function of the act, not on the act itself. *Id.*; *Mireles*, 502 U.S. at 13. Thus, a judicial act "does not become less judicial by virtue of an allegation of malice or corruption of motive." *Forrester v. White*, 484 U.S.

219, 227 (1988); *see also*, *Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly."). In his motions to amend, plaintiff Davis seeks to add claims against Magistrate Judge Whalen based on Magistrate Judge Whalen's performance of his judicial function in this case, and it is clear that Magistrate Judge Whalen was not acting in the absence of all jurisdiction. Thus, any claims against Magistrate Judge Whalen are barred by Magistrate Judge Whalen's judicial immunity, and leave to amend to add these claims would therefore be futile.

In his first motion to amend, plaintiff also seeks to add claims challenging the denial of parole or commutation. These claims are without merit as a matter of law. As the Court has previously explained in dismissing the same claims asserted against other defendants:

> Plaintiff . . . has not plausibly alleged a constitutional violation regarding the Governor's denial of a reprieve or commutation of his sentence. In *Manning v. Unknown Parties*, 56 Fed. Appx. 710, 711, 2003 WL 858105, *1 (6th Cir. 2003), the Sixth Circuit held:
>> "The possibility of release upon reprieve, commutation, or pardon depends entirely on the discretion of the governor. *See* Mich. Const.1963 art. 5, § 14; Mich. Comp. Laws § 791.244. Just as the presence of a parole system does not give rise to a constitutionally protected liberty interest in parole, *see Bd. of Pardons v. Allen*, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the power of the governor of Michigan to grant a reprieve, commutation, or pardon does not create a liberty interest in such release."
>> \* \* \* \*
>
> Plaintiffs have no constitutionally protected liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1 (1979). The Sixth Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown*, 27 F.3d 1162, 1164-1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad,"

> as in Michigan, "the State has not created a constitutionally protected liberty interest" by enacting procedural rules. *Id*. "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom*, 149 F. Supp. 2d 319, 322 (E.D. Mich.2001) (internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id*.; *Hurst v. Dep't of Corr. Parole Bd.*, 119 Mich. App. 25, 28-29, 325 N.W.2d 615, 616 (1982)."

R&R, dated 9/3/13, at 5-6, *adopted by* Order, dated 9/27/13 (reported at 2013 WL 5435294). Because plaintiff Davis has no constitutional right to commutation or parole, leave to amend to add these claims would be futile.

In his first motion to amend plaintiff Davis also seeks to add a claim against a new defendant, MHM Services. Plaintiff expounds on these claims in his motion for clarification to the Court. In his motion, plaintiff alleges that "MHM – and its owners – . . . entered into a criminal contract with this State for MDOC, to treat prisoners, not those who have not [sic] been convicted on valid laws of the land, by using invalid law . . . to aide and abide slavery, to have their employees treat these slaves with medications to control them . . . ." Continuation of Mot. to Amend (docket #73), pg. ID 1112. He further alleges that he was deprived of his "right to seek his own mental health provider, not forced to [accept] the services of MHM's providers to this Plaintiff who has no legal valid criminal charges for MHM to be legally treating this Plaintiff," *id*. at 1113, and that he has been "forced to take medications [he doesn't] need." *Id*. at 1115. To the extent plaintiff alleges that the contract between MDOC and MHM is illegal as applied to him because he has not been validly convicted, his claim necessarily implies the invalidity of his conviction and is therefore barred by *Heck*. To the extent plaintiff claims that he had a right to choose his own mental health provider, his claim fails as a matter of law. "[A]n inmate has no constitutional right to a medical practitioner of his choice." *Brown v. Prison Health Servs.*, No. 12-3578, 2013 WL 6139646, at *7 (E.D. Pa. Nov. 20, 2013); *see also*, *United States v. Rovetuso*, 768 F.2d 809, 825 (7th Cir. 1985) ("The Eighth

9

Amendment guarantees a prisoner treatment of his serious medical needs, not a doctor of his own choosing."); *Calloway v. Contra Costa County Jail Correctional Officers*, No. C 01-2689 SBA, 2007 WL 134581, at *31 (N.D. Cal. Jan.16, 2007) (rejecting "the proposition that a prisoner has an Eighth Amendment right to receive treatment in the location or with the provider of his choice."); *Brownlow v. Chavez*, 871 F. Supp. 1061, 1064 (S.D. Ind. 1994) ("The Eighth Amendment does not guarantee a prisoner's choice of a physician . . . .").

To the extent that plaintiff is alleging that MHM was deliberately indifferent to his mental health needs in violation of the Eighth Amendment, his motion is devoid of any specific factual allegations raising a plausible claim that his Eighth Amendment rights were violated. More importantly, he makes no allegations that would give rise to a plausible Eighth Amendment claim against MHM. It is well established that liability in a § 1983 action cannot be based on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). "To recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In other words, in order to state a claim under § 1983 "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (per curiam); *see also*, *Carr v. Parker*, No. 98-6395, 1999 WL 1206879, at *1 (6th Cir. Dec. 9, 1999); *Salehpour v.*

*University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). Assuming that MHM, a private corporation, is a "state actor" subject to suit under § 1983, it is liable only if some policy or custom of MHM itself caused the alleged deprivation of plaintiff's constitutional rights. *See Street v. Corrections Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996); *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir. Mar. 26, 2001). Here, plaintiff's motion contains "no allegation of a specific policy implemented by" MHM that led to "the unconstitutional conduct." *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012); *see also*, *Raymond v. O'Connor*, 526 Fed. Appx. 526, 530 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (allegation of a policy, "'devoid of further factual enhancement,'" insufficient to state a claim); *Wooten v. Spigner*, No. 2:11-CV-11479, 2011 WL 5075692, at *4 (Sept. 8, 2011) (Komives, M.J.), *magistrate judge's report adopted*, 2011 WL 5075713 (E.D. Mich. Oct. 25, 2011) (Cohn, J.) ("The complaint does not allege any specific policies, practices, or customs which amounted to deliberate indifference or actually caused the alleged constitutional violation on the part of the individual officers."). Thus, leave to amend to add claims against MHM would be futile.

Finally, in his third motion to amend, plaintiff seeks to add claims against several defendants who were involved in a misconduct ticket issued to him. As part of this claim, he challenges the validity of the MDOC regulations governing misconduct hearings. To the extent plaintiff Davis seeks to challenge the validity of the misconduct rules under which his hearing was held, the claim fails as a matter of law. As the Sixth Circuit has held, the Due Process Clause may not be used to challenge the validity, under state law, of a state regulation:

> [A] federal court should not rule upon the validity of a state regulation challenged on the sole ground that it was not properly adopted under state law by the state administrative agency. No federal question or constitutional issue is involved in such a challenge. The Supreme Court has stated recently in this context, "[W]e have

11

> never held that the statutes and regulations governing daily operation of a prison system conferred any liberty interest in and of themselves."

*Walker v. Mintzes*, 771 F.2d 920, 933 (6th Cir. 1985) (footnote omitted) (quoting *Hewitt v. Helms*, 459 U.S. 460, 469-70 (1983)). Specifically, the Sixth Circuit has applied this rule in a number of unpublished decisions to reject claims which, like plaintiff's, alleged that MDOC's misconduct hearing regulations were not properly adopted under the Michigan APA. *See Sargent v. Hofbauer*, No. 96-1043, 1996 WL 692086, at *1 (6th Cir. Nov. 26, 1996); *Sanders v. Brown*, No. 91-1199, 1991 WL 158673, at *1 (6th Cir. Aug. 15, 1991); *Clark v. Sherman*, No. 88-1687, 1988 WL 130846, at *1 (6th Cir. Dec. 8, 1988). Because plaintiff's proposed claim does not raise a claim that is cognizable under the Due Process Clause, leave to amend to add this claim would be futile.

Finally, to the extent plaintiff Davis is asserting that the proposed new defendants issued false misconduct tickets to him, he fails to state a claim. Plaintiff cannot establish a violation of a protected liberty interest based on his allegation that the misconduct was false or not supported by the evidence. "A prisoner has no constitutionally protected immunity from being falsely accused of misconduct. The prisoner only has a right to due process of law during the disciplinary proceedings against him concerning the allegedly false misconduct charges." *Riley v. Church*, 874 F. Supp. 765, 768 (E.D. Mich. 1994) (Gadola, J.) (citations omitted), *aff'd,* 81 F.3d 161 (6th Cir. 1996); *accord Jackson v. Madery*, 158 Fed. Appx. 656, 662 (6th Cir. 2005) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing."); *Cromer v. Dominguez,* 103 Fed. Appx. 570, 573 (6th Cir. 2004); *Jackson v. Hamlin*, 61 Fed. Appx. 131, 132 (6th Cir. 2003). Although plaintiff Davis challenges the validity of the rules under which his administrative hearing was held, he does not allege any facts giving rise to a plausible claim that he was deprived of a fair hearing. Thus, leave

to amend to add this claim would be futile.

II.   ORDER

In view of the foregoing, it is ORDERED that plaintiff's motions to amend, motion for an order to show cause, and motion for clarification to the Court are all hereby DENIED.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


Dated: June 11, 2014                s/Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on June 11, 2014, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Paul J. Komives

13