UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cameron Fitts, *et al.*,

          Plaintiffs,    Case No. 12-cv-13575
                                 Hon. Judith E. Levy
v.                                     Mag. Judge Paul Komives

Rick Snyder, *et al.*,

          Defendants.

_____/

**ORDER ADOPTING THE REPORT AND RECOMMENDATION [96] AND STRIKING PLAINTIFF'S PETITION FOR A WRIT OF <u>HABEAS CORPUS</u> [67]**

      This is a prisoner civil rights case. Pending before the Court is Magistrate Judge Komives' Report and Recommendation (Dkt. 96) recommending the Court strike plaintiff Michael Davis's Petition for a Writ of Habeas Corpus (Dkt. 67). The parties were required to file specific written objections to Judge Komives' Report and Recommendation within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d). Plaintiffs Cameron Fitts and Kenneth Wilson did not file objections. Plaintiff Michael Davis, however, filed a timely

1

objection. (Dkt. 99.) For the reasons that follow, the Report and Recommendation is ADOPTED.

## I. Background

The Magistrate Judge set forth the factual background of the case in his Report and Recommendation. (Dkt. 96.) The Court adopts this factual background in full and will only set out facts necessary to dispose of the pending objections.

Plaintiffs Fitts, Davis, and Wilson are state prisoners proceeding without the assistance of counsel. They initially filed their complaint against seventeen defendants under 42 U.S.C. § 1983. They alleged various claims that defendants denied good-time credits based on illegal administrative rules, subjected plaintiffs to illegal searches and seizures, and retaliated against plaintiffs by withholding medication. At present, the only remaining defendants are Van Octen, Rogers, Hawes, and Vivus. Plaintiffs seek compensatory and punitive damages and injunctive relief.

On January 21, 2014, Mr. Davis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 67.) On June 11,

2014, the Magistrate Judge recommended striking Davis' petition. Davis timely objected to the Report and Recommendation.

## II. Standard of Review

The Court reviews *de novo* the portions of a report and recommendation to which a specific objection has been made. *Lardie v. Birkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002); *see also* Fed. R. Civ. P. 72(b). Where a specific objection is made, the district judge to whom the case is assigned "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b). "As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard." *Lardie* at 807 (citing *Key v. Grayson*, 163 F. Supp. 697, 701-02 (E.D. Mich. 2001)).

## III. Analysis

The Magistrate Judge recommends striking Davis' petition as improperly joined with his civil rights action. Specifically, Judge Komives first notes that Davis' petition challenges "the validity of his underlying conviction, seeks immediate release, and indeed titles his petition as one seeking habeas corpus relief under § 2254." (Dkt. 96,

3

Report and Recommendation at 3.) The Report and Recommendation further concludes that Davis' habeas petition could not be properly joined with his civil rights action.

In his Objection, Davis reasserts his claims that the remaining defendants violated his constitutional rights. He contends that he can challenge his conviction and sentence at any time and notes that a petition for habeas corpus is the appropriate avenue for such a challenge. Davis does not address the Magistrate Judge's conclusion that, despite any potential merits of a habeas action, such an action is not properly brought in a claim under § 1983.

After conducting a *de novo* review, the Court adopts the Magistrate Judge's well-reasoned conclusions. Davis's attempt to file a petition for habeas corpus in this pending § 1983 action is improper. As the Magistrate Judge correctly notes, to the extent Davis challenges the fact or duration of his confinement, his sole remedy in federal court is habeas corpus. (Dkt. 96, Report and Recommendation 3, citing *Heck v. Humphrey*, 512 U.S. 477, 480 (1994); *see also Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement"

4

(internal quotation marks and citation omitted)). Davis does not dispute that he has attempted to file a petition for habeas corpus by including the petition as part of the pending civil rights case. In fact, Davis seems to agree that his challenges to the fact and duration of his confinement are properly brought in a habeas action. (Dkt. 99, Objection 3-4.)

Davis objects instead to the Magistrate Judge's conclusion that "his appropriate course of action is to file a separate habeas corpus petition that complies with Rule 2." (Dkt. 96, Report and Recommendation 4.) As the Magistrate Judge points out, "[c]ivil rights suits and habeas corpus petitions are subject to different filing fees; different exhaustion requirements; and different statutes of limitations." (*Id.* at 3.) Additionally, a prisoner may only bring one habeas corpus challenge under 28 U.S.C. § 2244(b), whereas suits under § 1983 are governed by standard *res judicata* principles. The Court concludes that it is inappropriate to join Davis's petition for habeas corpus with the pending civil rights litigation under § 1983.[1]

---

[1] As the Magistrate Judge further noted, this holding expresses "no opinion on the viability of any habeas corpus petition plaintiff may choose to file." (Dkt. 96, Report and Recommendation 4.)

5

## IV. Conclusion

Accordingly, the Report and Recommendation (Dkt. 96) is ADOPTED. Davis' Petition for Writ of Habeas Corpus is STRICKEN from the record without prejudice to plaintiff filing a separate habeas corpus action.

IT IS SO ORDERED.

Dated: November 18, 2014  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 18, 2014.

 s/Felicia M. Moses
 FELICIA M. MOSES

---

The Magistrate Judge also articulated a second, independent reason for striking Davis' petition: the petition fails to comply with the Rules Governing Section 2254 Cases in the United States District Courts. (Dkt. 96, Report and Recommendation 4 n.2.) Rule 2(d) requires a habeas petition to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Davis' petition contains none of the information required by the form. (Dkt. 96, Report and Recommendation 4 n.2.)

Case Manager