UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cameron Fitts, Michael Davis, and
Kenneth Wilson,

                                  Case No. 12-cv-13575
                 Plaintiffs,     Hon. Judith E. Levy
                                  Mag. Judge Paul J. Komives

v.

Marjorie van Ochten, Rogers,
Hawes, and Vivus,

               Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S [82] MOTION
FOR RECONSIDERATION,**

     This matter is before the Court on plaintiff Michael Davis' Motion for Reconsideration (Dkt. 82). Davis seeks reconsideration of the Court's Order granting defendant Dan Bolden's Motion to Dismiss, entered on March 31, 2014. (Dkt. 80.) For the reasons discussed below, the Court will deny the motion.

    I.    Background

     The factual background of this case is fully set out in the Magistrate Judge's Report and Recommendation (Dkt. 63) adopted in

the Court's order dismissing Bolden. The Court adopts the factual background as set out in the Report and Recommendation.

## II. Standard of Review

The Eastern District of Michigan's Local Rules require a motion for reconsideration to be filed within 14 days of entry of the judgment or order. E.D. Mich. L.R. 7.1(h)(1). Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). To prevail on a motion for reconsideration, then, a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

## III. Analysis

Davis' motion is partially titled "Objection made to dismissing Dan Bolden and others (defendants) in ex parte and afterward when received R&R to dismiss Dan Bolden." (Dkt. 82, Pl.'s Mot. 1.) To the extent that Davis seeks reconsideration of this Court's order dismissing defendants other than Bolden, his motion is untimely, as it was filed over 7 months after those defendants were dismissed by order of September 27, 2013. (Dkt. 54.)

Davis primarily argues that MDOC administrative rules concerning major misconducts are invalid. He alleges the invalid rules were employed to deprive him of various state and federal constitutional rights. (*Id.* at 6-7.) Davis further maintains that Bolden amended visiting rules in violation of the Michigan Administrative Procedures Act. (Dkt. 82, Pl.'s Mot. 2.)

The Court has already ruled on these issues. In his Order of March 31, 2014, Judge Tarnow held that in making these same arguments, Davis and his co-plaintiffs "have failed to allege the deprivation of a right secured by the Constitution or laws of the United States" as is necessary to sustain a claim under 42 U.S.C. § 1983. (Dkt. 80, Order 3-4.) Judge Tarnow further held that the plaintiffs' "attempt

3

to make claims of Constitutional due process violations based on allegedly invalid state rules and regulations, which Plaintiffs assert impacted the possibility of parole, pardon, and reprieve, forfeiture of disciplinary credits, and the possibility of a sentence commutation" could not be sustained because "Plaintiffs have no constitutionally protected liberty interest in parole, reprieve, commutation, or pardon." (*Id.* at 4.)

## IV. Conclusion

Davis' motion for reconsideration "merely present[s] the same issues ruled upon by the court" in its Order of March 31, 2014. E.D. Mich. L.R. 7.1(h)(3). Accordingly, the Motion (Dkt. 82) is DENIED.

IT IS SO ORDERED.

Dated: December 1, 2014  /s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's

4

ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 1, 2014.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager