UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, et al.,

    Plaintiffs,

v.

RICK SNYDER, et al.,

    Defendants.

Case No. 12-13575
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

_____/

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

*Pro se* plaintiffs Cameron Fitts ("Fitts"), Michael Davis ("Davis"), and Kenneth Wilson ("Wilson"; collectively "Plaintiffs") brought this § 1983 prisoner civil rights case against 17 individuals ("Defendants") in August 2012. [1]. On January 7, 2015, the Honorable Judith E. Levy referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [126]. For the reasons discussed below, the Court **RECOMMENDS** that:

1. Davis's motions to amend the complaint [101, 103, 104, 109, 114, 118, and 120] be **DENIED**;

2. Davis's Motions for Immediate Release [105, 108] be **STRICKEN**;

3. Defendants Van Ochten, Rogers, and Hawes be *sua sponte* **DISMISSED** from this action; and

4. Plaintiffs Davis and Wilson be *sua sponte* **DISMISSED** from this action.

## II. BACKGROUND

Plaintiffs brought this action on August 13, 2012 pursuant to 42 U.S.C. § 1983. [1]. On October 1, 2012, Plaintiffs filed the operative amended complaint. [12]. When they brought this action, all Plaintiffs were in the custody of the Michigan Department of Corrections ("MDOC"). Davis and Wilson remain in custody, while Fitts was released in September 2013. [*See* 85].

The Court has dismissed all but four Defendants: Parole Officers Rogers and Hawes; former Administrator of the MDOC's Hearings and Policy Division, Marjorie Van Ochten; and Nurse Practitioner Rene Vives. [*See* 49 and 54; 63 and 80].

## III. ANALYSIS

**A. Davis's Motions to Amend the Complaint [101, 103, 104, 109, 114, 118, and 120] Should Be Denied.**

The docket indicates that there are eight separate motions to amend the complaint currently pending. [*See* 101, 103, 104, 109, 114, 118, 119, 120]. However, it appears that those filings only constitute three motions to

2

amend. [101, 104, 114]. Except for docket number 119[1], the remaining filings are related to the three motions as follows: docket number 103 is the same as 101, but it contains additional exhibits; docket number 109 is a continuation of 104; and, docket numbers 118 and 120 are, respectively, a continuation of and – in relevant part – a duplicate of 114.

1. *Legal Standard*

Federal Rule of Civil Procedure 15(a)(2) provides that federal courts should "freely give leave [to amend] when justice so requires." However, the Sixth Circuit has directed that the party seeking leave must "act with due diligence if it wants to take advantage of the Rule's liberality." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citation and internal quotation marks omitted). "[A] motion to amend may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc.'" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (emphasis omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed

---

[1] Docket number 119 is a letter to the warden of Davis's current MDOC facility. Because it does not qualify as a motion under Rule 7(b), the Court STRIKES this pleading in a separate order.

3

amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

### 2. *Discussion*

For the most part, Davis's proposed amendments consist of claims challenging his incarceration and the validity of his underlying conviction. His allegations are disconnected, difficult to comprehend, and frivolous. For example, he seeks to add Magistrate Judges R. Steven Whalen and Paul J. Komives – the magistrate judges previously assigned to this case – as defendants for "aiding and abiding to slavery and False Imprisonment" and "violating Plaintiffs [sic] Constitutional Rights…." [*See* 103 at Pg ID 1833, 1834]. In one pleading, Davis adds his son, Mic-Keon Washington, as a plaintiff and alleges Defendants "violat[ed] Plaintiffs [sic] God's given Right to be Free from Man's laws not in accordance with God's Laws to this Plaintiff Davis and Washington (Fitts and Wilson), children of Israel." [*See* 109 at Pg ID 2025].

As relief, Davis seeks "Immediate Release [from MDOC custody for all Plaintiffs and his son], as it would [be] the will of God of Israel." [*Id.*]. In addition, Davis seeks to bring new claims against both previously dismissed defendants and new defendants for, among other things,

"<u>FRAUD</u> and treason" in relation to him being held "without valid criminal convictions." [*See* 114 at Pg ID 2310 (emphasis in original)]. He also improperly attempts to bring claims against new defendants that are unrelated to the underlying action.[2]

Davis previously moved to amend the complaint three other times in this action. [*See* 66, 73, 74]. On June 11, 2014, Magistrate Judge Paul J. Komives denied those motions to amend, concluding that "[b]ecause [Davis's] claims are clearly without merit, amendment would be futile." [97 at Pg ID 1457]. The proposed claims Davis presents in his current motions to amend are either similar to or are the same as those deemed clearly without merit; they are likewise futile. Davis has repeatedly failed to cure the deficiencies of his claims by amendment. Moreover, allowing an amendment now would, in essence, restart the litigation approximately two and a half years after this action began, substantially prejudicing the remaining parties and unreasonably delaying the final resolution of this action.

---

[2] A plaintiff cannot amend a complaint "to introduce a separate, distinct and new cause of action." *See Watson v. Murphy*, No. 12-13592, 2013 WL 5639057, at *5 (E.D. Mich. Oct. 15, 2013) (citation omitted).

5

Considering these factors, the Court recommends[3] that Davis's motions to amend the complaint [101, 103, 104, 109, 114, 118, 120] be DENIED.

**B. Davis's Motions for Immediate Release [105, 108] Should Be Denied**

Davis filed two "Motions for Immediate Release from MDOC," the second of which was for the purpose of "correcting" the first. [105 & 108]. In each motion, Davis alleges that he is entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Davis previously filed a habeas corpus petition in this action, challenging the validity of his underlying conviction and seeking immediate release from custody. [67]. Judge Komives recommended that Davis's habeas petition be stricken because Supreme Court precedent precludes a prisoner from joining a petition for habeas relief in a civil rights action. [96]. Davis objected, but District Judge Judith E. Levy overruled the objection and struck Davis's petition for writ of habeas corpus. [117].

---

[3] Although a motion to amend is not ordinarily considered dispositive, this Court is also recommending the *sua sponte* dismissal of Davis's remaining claims, so denying his motions to amend is equivalent to dismissing his case with prejudice. *See Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001) ("In determining whether a particular motion is dispositive, the court undertakes functional analysis of the motion's potential effect on litigation."). Thus, the Court errs on the side of caution and proceeds by R & R under 28 U.S.C. § 636(b)(1)(B).

Judge Komives's recommendation and Judge Levy's order provided comprehensive summaries of the relevant legal standard and analyses, which this Court incorporates. [See 96 at Pg ID 1450-52; 117 at Pg ID 2420-21]. Additionally, the law-of-the-case doctrine applies here. That doctrine does not altogether bar reconsideration of an earlier decision, but the discretion to revisit earlier rulings should be "'exercised very sparingly, and only under extraordinary conditions.'" *In re Kenneth Allen Knight Trust*, 303 F.3d 671, 677 (6th Cir. 2002) (*quoting Gen. Am. Life Ins. Co. v. Anderson*, 156 F.2d 615, 619 (6th Cir. 1946)). The extraordinary conditions that warrant reconsideration are: (1) newly discovered evidence bears on the question; (2) there has been a material change in controlling law; (3) the earlier decision was clearly erroneous and would cause a manifest injustice. *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). None of these extraordinary conditions is found in this case.

For these reasons, the Court recommends STRIKING Davis's Motions for Immediate Release [105, 108].

### C. Defendants Rogers, Hawes and Van Ochten, and Plaintiffs Davis and Wilson Should Be Dismissed From this Action

#### 1. *Plaintiffs Did Not Show Cause Why Rogers And Hawes Should Not Be Dismissed.*

The waivers of service for Rogers and Hawes, who are named as defendants in their last names only, were returned unexecuted on December 3, 2012 because they could not be identified. As a result, on March 7, 2013, Plaintiffs were ordered to show cause by March 25, 2013 why Rogers and Hawes should not be dismissed without prejudice. [25]. Plaintiffs did not respond to the show cause order. Therefore, this Court recommends that Rogers and Hawes be dismissed as defendants. Additionally, for the reasons that follow, Rogers and Hawes should be dismissed because Plaintiffs have failed to state a claim against them.

#### 2. *Plaintiffs' Claims Against Van Ochten, Rogers, and Hawes Fail to State a Claim.[4]*

Of the four remaining Defendants, only Vives has been served; Rogers, Hawes and VanOcheten's waivers of service were all returned unexecuted. The claims in the amended complaint that are remaining against these unserved defendants have already been found to be without merit in reports and recommendation and the orders adopting them.

---

[4] Plaintiffs are proceeding *in forma pauperis,* [13], which means that the Court has an affirmative duty to dismiss at any time in which it appears that the action fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

8

In two separate report and recommendations, Judge Whalen recommended dismissing the claims set forth in paragraphs two and four of the amended complaint [12 at Pg ID 201-02] with respect to 13 defendants. Judge Whalen found that Plaintiffs "have not shown a plausible federal due process violation, or any other violation of federal law." [63 at Pg ID 587; 49]. He reasoned that the issue of revocation of disciplinary credits was not cognizable in an action under 42 U.S.C. § 1983 [49 at Pg ID 530], and that Plaintiffs do not have a constitutionally protected interest in a sentence commutation or parole [*id.* at Pg ID 530-31; *see also* 63 at Pg ID 585-87]. Judge Whalen concluded that "Fitts' allegation that his parole was violated in retaliation for his having made complaints about the City of Inkster does not meet the plausibility test of *Iqbal*." [49 at Pg ID 531].

The Honorable Arthur J. Tarnow adopted both of Judge Whalen's recommendations and dismissed the claims against all of the defendants who had moved for dismissal:

> Plaintiffs have no constitutionally protected liberty interest in parole, reprieve, commutation, or pardon. Moreover, to the extent to which Plaintiffs seek to attack the legality or length of their confinement, including Plaintiff Fitts's claims as to disciplinary credits, these requests are more appropriately made in a petition for writ of habeas corpus.

[80 at Pg ID 1194-95; *see also* 54 (citations omitted)].

Plaintiffs' claims against Van Ochten, Rogers and Hawes are the same as those from paragraphs two and four of the amended complaint that were dismissed with respect to other defendants because they failed to state a plausible federal due process violation, or any other violation of federal law. [12, Pg ID 201-02]. The apparent reason that those claims were not dismissed also with respect to Van Ochten, Rogers and Hawes is because they were not served and, therefore, were not parties to the motions to dismiss. Because it is clear that Plaintiffs fail to state a § 1983 claim against Van Ochten, Rogers, and Hawes on which relief may be granted, the Court "shall dismiss" them from this suit. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Upon the dismissal of the claims against Van Ochten, Rogers, and Hawes, the only claim remaining in this action will be Fitts's allegation that Vives withheld his medication as retaliation for filing a grievance. [See 12 at Pg ID 203, ¶ 9]. None of Davis's or Wilson's claims will remain, so the Court recommends that Davis and Wilson be DISMISSED from this action as well.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** that Davis's Motions to Amend the Complaint [101, 103, 104, 109, 114, 118, and 120] be **DENIED**; Davis's Motions for Immediate Release [105, 108] be **STRICKEN**; and Defendants Van Ochten, Rogers and Hawes, and Plaintiffs Davis and Wilson be *sua sponte* **DISMISSED** from this action.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 27, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
