UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON FITTS, et al.,

    Plaintiffs,

v.

RICK SNYDER, et al.,

    Defendants.

_____/

Case No. 12-13575
Honorable Judith E. Levy
Magistrate Judge Elizabeth A. Stafford

## ORDER REGARDING MULTIPLE NON-DISPOSITIVE MOTIONS

*Pro se* plaintiffs Cameron Fitts ("Fitts"), Michael Davis ("Davis"), and Kenneth Wilson ("Wilson"; collectively "Plaintiffs") brought this § 1983 prisoner civil rights case against 17 individuals ("Defendants") in August 2012.  [1].  On January 7, 2015, the Honorable Judith E. Levy referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).  [126].  Before the Court are multiple non-dispositive motions.  For the reasons discussed below, the Court **ORDERS** that:

1. Fitts's Motion For an Evidentiary Hearing [106] is **DENIED** and his Motions to Appoint Counsel and For a Settlement Conference [106] are **DENIED WITHOUT PREJUDICE**;

2. Fitts's Motion for Speedy Hearing [115] is **GRANTED**;

3. Fitts's Motion to Transfer Co-Plaintiffs to a Federal Prison [125] and Davis's Three Miscellaneous Pleadings [119, 127, 131] are **STRICKEN**;

4. The case caption is **AMENDED** to correctly identify Vives by her full name; and

5. The deadline to conduct discovery is **May 22, 2015**, the deadline to file dispositive motions is **June 26, 2015**, and the parties may only amend the pleadings if they first obtain leave of court.

## II. BACKGROUND

Plaintiffs brought this action on August 13, 2012 pursuant to 42 U.S.C. § 1983. [1]. On October 1, 2012, Plaintiffs filed the operative amended complaint. [12]. When they brought this action, all Plaintiffs were in the custody of the Michigan Department of Corrections ("MDOC"). Davis and Wilson remain in custody, while Fitts was released in September 2013. [*See* 85].

The Court previously dismissed all but four Defendants: Parole Officers Rogers and Hawes[1]; former Administrator of the MDOC's Hearings and Policy Division, Marjorie Van Ochten; and Nurse Practitioner Rene Vives. [*See* 49 and 54; 63 and 80]. In a separate Report and Recommendation ("R & R"), the Court has recommended dismissing Van Ochten, Rogers, and Hawes from this action. [*See* 133]. If the Court's recommendations are adopted, Vives will be the only remaining Defendant,

---

[1] Plaintiffs identify Rogers and Hawes only by last name.

2

Fitts will be the only remaining plaintiff, and the only remaining claim will be Fitts's allegation that Vives withheld medication from him as retaliation for filing a grievance. [*Id.*].

In this order, the Court addresses the pending non-dispositive motions.

### III. ANALYSIS

#### A. Fitts's Motions

**1. Fitts's Motions to Appoint Counsel [106] and For a Settlement Conference [106] are DENIED WITHOUT PREJUDICE and His Motion For an Evidentiary Hearing [106] is DENIED**

On September 30, 2014, Fitts filed a pleading combining three motions: to appoint counsel, for an evidentiary hearing, and for a settlement conference. [106]. Defendants did not respond.

Fitts says the Court should appoint counsel because he is medically and mentally handicapped. Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability

to represent himself, the complexity of the legal and factual issues, and whether the claims are frivolous or have a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

Considering the relevant factors, the Court finds that Fitts does not show exceptional circumstances that merit the appointment of counsel at this juncture. Fitts's numerous filings demonstrate that he has had adequate access to the court. Furthermore, this case is not overly complex. The only remaining claim is Fitts's allegation that Vives withheld his medication as retaliation for filing a grievance. The factual and legal issues for this claim are relatively straightforward and his filings suggest he understands the nature of this claim. The Court will not appoint counsel at this time.

Fitts says a settlement conference is appropriate because Defendants have "lost summary judgment a lot of times." [106 at Pg ID 2015]. This statement is not accurate; the only dispositive motion a Defendant brought that was denied was Vives's motion to dismiss for failure to exhaust administrative remedies. [*See* 62, 79]. Moreover, it does not appear that the parties have conducted discovery regarding Fitts's

retaliation claim against Vives.  Thus, it is not likely that a settlement conference would be productive at this stage in the proceedings.  After Fitts and Vives conduct discovery, the Court may reconsider this matter; or, if both Fitts and Vives agree that they may be able to reach a settlement, the Court will entertain a settlement conference sooner.

Fitts says the Court should hold an evidentiary hearing because "there is evidence that can prove Defendants have so many complaints and lawsuits against them." [106 at Pg ID 2015].  However, the relevant question is whether Vives retaliated against Fitts, not the number of complaints and lawsuits that have been filed against the defendants.  Additionally, if he survives summary judgment, Fitts will have to prove his case through a trial, not an evidentiary hearing.  If Fitts's goal is to seek information that would be relevant to his retaliation claim against Vives, he must obtain it by conducting discovery pursuant to the Federal Rules of Civil Procedure.  *See generally* Fed. R. Civ. P. 26-37.

Fitts's Motions for Appointment of Counsel and for a Settlement Conference [106] are DENIED WITHOUT PREJUDICE.  Fitts's Motion for an Evidentiary Hearing [106] is DENIED.

### 2. Fitts's Motion for Speedy Hearing [115] is GRANTED

On November 12, 2014, Fitts moved for a "speedy hearing" regarding the three motions he filed on September 30, 2014. [115]. He asks the Court to rule on those motions and to set an order for further pleadings to be filed. Fitts's motion is GRANTED. The Court is ruling on his three motions as set forth above, and sets the following deadlines:

Discovery Cutoff: **May 22, 2015**;

Dispositive Motion Cutoff: **June 26, 2015**;

Amendment to Pleadings: **Must obtain leave of Court**.

### 3. Fitts's Motion to Transfer Co-Plaintiffs to a Federal Prison [125] is STRICKEN

On December 8, 2014, Fitts moved for the Court to transfer co-Plaintiffs, Wilson and Davis, to a federal prison. [125]. Fitts acknowledges in the motion that he brought it "on behalf of …Davis and Wilson." [*Id.* at Pg ID 2661-62]. Fitts is not an attorney, and cannot represent others in a legal proceeding or file pleadings on their behalf.

Fitts's Motion to Transfer Co-Plaintiffs Wilson and Davis [125] is STRICKEN.

### B. Davis's Miscellaneous Pleadings [119, 127, 131] are STRICKEN

On November 18, 2014, Davis filed a pleading that the Clerk's Office characterized as a "Motion to Amend New Defendants." [119]. The

6

contents of the pleading is a four-page letter Davis wrote to the warden of his current MDOC facility.

On January 21 and 26, 2015, Davis filed two separate pleadings that total over 200 pages, and that the Clerk's Office characterized generally as "Motion[s]." [127, 131]. The substantive portion of each pleading appears to be a "Motion for the Court to Review MCL(s) Statutes Applied to Plaintiffs in this Case at Bar…for Plain Errors…." [*See* 127 at Pg ID 2666; 131 at Pg ID 2932]. One of the "motions" also contains a cover letter in which Davis requests a "Docket Journal" for all Plaintiffs. [127 at Pg ID 2664].

The Court STRIKES these pleadings [119, 127, 131] because Federal Rule of Civil Procedure 7(b)(1) requires motions to "state with particularity the grounds for seeking the order" and to "state the relief sought." Davis's meandering motions do not state with particularity the relief that he seeks or the legal grounds for seeking relief. Second, even if they did qualify as motions under Rule 7, the Court has recommended dismissing Davis from this action. Thus, Davis will no longer be part of this action, making his motions moot. If the Court's recommendation is overruled and Davis remains a party to this case, he must file appropriate *motions* that comply with the above requirements.

Davis's miscellaneous pleadings [119, 127, 131] are **STRICKEN**.

### C. The Case Caption is Amended

In the Amended Complaint, Plaintiffs referred to defendant Rene Vives only by last name, and inconsistently as both Vivus and Vives. In the case caption on the docket, Vives is referred to as Vivus. For clarity, the Court amends the case caption to correctly identify Vives by her full name.

### IV. CONCLUSION

For the foregoing reasons, the Court orders that: Fitts's Motions to Appoint Counsel and For a Settlement Conference [106] are **DENIED WITHOUT PREJUDICE**; Fitts's Motion For an Evidentiary Hearing [106] is **DENIED**; Fitts's Motion for Speedy Hearing [115] is **GRANTED**; Fitts's Motion to Transfer Co-Plaintiffs to a Federal Prison [125] and Davis's Three Miscellaneous Pleadings [119, 127, 131] are **STRICKEN**; and the case caption is **AMENDED** to correctly identify Vives by her full name. Furthermore, the deadline to conduct discovery is **May 22, 2015**; the deadline to file dispositive motions is **June 26, 2015**; and the parties may only amend the pleadings if they first obtain leave of court.

**IT IS ORDERED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: February 27, 2015

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 27, 2015.

             s/Marlena Williams
             MARLENA WILLIAMS
             Case Manager