UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cameron Fitts, Michael Davis, and
Kenneth Wilson,

                      Case No. 12-cv-13575
          Plaintiffs,    Hon. Judith E. Levy
                      Mag. Judge Paul J. Komives

v.

Marjorie van Ochten, Rogers,
Hawes, and Rene Vives,

         Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [133]; DENYING PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT [101, 103, 104, 109, 114, 118, 120]; STRIKING PLAINTIFF'S MOTIONS FOR IMMEDIATE RELEASE [105, 108]; DISMISSING DEFENDANTS VAN OCHTEN, ROGERS, AND HAWES; AND DIMISSING PLAINTIFFS DAVIS AND WILSON**

This matter is before the Court on Magistrate Judge Stafford's February 27, 2015 Report and Recommendation, in which the Magistrate Judge recommends denying plaintiff Michael Davis' motions to amend the complaint (Dkt. 101, 103, 104, 109, 114, 118, and 120); striking Davis' motions for immediate release (Dkt. 105, 108); dismissing *sua sponte* defendants Marjorie Van Ochten, Rogers, and

Hawes; and dismissing *sua sponte* plaintiffs Davis and Kenneth Wilson. (Dkt. 133.) Magistrate Judge Stafford also entered an order on February 27, 2015, in which she denied plaintiff Cameron Fitts' motions for an evidentiary hearing, for appointment of counsel, and for a settlement conference (Dkt. 106); granted Fitts' motion for a speedy hearing (Dkt. 115); struck Fitts' motion to transfer Davis and Wilson to a federal prison (Dkt. 125); and struck Davis' three miscellaneous pleadings (Dkt. 119, 127, 131). (Dkt. 134.) Davis timely filed four sets of objections to the Report and Recommendation and the Order. (Dkt. 137, 138, 141, 142.) Neither Fitts nor Wilson filed objections.

For the reasons set forth below, the Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court. Davis' objections will be overruled. Davis' motions to amend (Dkt. 101, 103, 104, 109, 114, 118, and 120) will be denied; Davis' motions for immediate release (Dkt. 105, 108) will be stricken; the remaining claims against defendants Marjorie Van Ochten, Rogers, and Hawes will be dismissed; and plaintiffs Davis and Wilson will be dismissed from the case.

The factual background has been fully set out elsewhere in this case. (E.g., Dkt. 49, 97.)

## I.  Standard of Review

Those portions of a magistrate judge's order to which a party timely files objections are reviewed under a clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a). Those portions of a report and recommendation to which a specific objection has been made are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "*De novo* review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a report and recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 868-69 (E.D. Mich. 2004). "As to those parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard." *Lardie v. Burkett*, 221 F. Supp. 806, 807 (E.D. Mich. 2002).

"[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (internal quotation marks and citation omitted). An objection

3

"must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II. Analysis

Davis filed four sets of objections to the Magistrate Judge's Order and Report and Recommendation. (Dkt. 137, 138, 141, 142.) Around the same time, he also filed a document titled "motion to correct substantial error." (Dkt. 140.) This motion concerns the alleged confiscation of Davis' legal property – photocopies of, e.g., the Journal of the United States Senate, materials on bankruptcy law, and prisoner grievances and responses from 2012 – by staff at Lakeland Correctional Facility ("LCF"), where Davis is currently held. (See id. at 2, 11.) Davis previously complained about the confiscation of these materials in three motions to amend the complaint. (Dkt. 114, 119, 120.) The Magistrate Judge struck one of those motions and recommends denying the other two. The Court will accordingly construe Davis' "motion to correct substantial error" as an objection to the Magistrate Judge's order and recommendation.

4

Davis' objections are lengthy, repetitive, and difficult to comprehend. They do not specify the findings believed to be erroneous. Rather, the objections consist of the same arguments Davis has repeatedly made in this case: that his 1978 murder convictions are invalid, and that various MDOC administrative actions were illegal. Davis claims his convictions are invalid because the charging documents referred to the relevant provisions of the Michigan Compiled Laws, rather than to the session laws. Davis claims the administrative actions, such as the confiscation of his legal property, are illegal because they were based on invalid administrative rules. In turn, those rules are purportedly invalid because (1) Mich. Comp. Laws § 24.207(k) lacks an enacting clause, and (2) MDOC amended the rules in violation of § 24.207(k).

Davis' failure to object to specific findings relieves the Court of the obligation to review the Magistrate Judge's order and report and recommendation, *Lardie*, 221 F. Supp. at 807. The Court will nonetheless explain below why the Magistrate Judge's findings and recommendations will be adopted.

### A. Objections to the Magistrate Judge's February 27, 2015 Order (Dkt. 134)

The Magistrate Judge ordered three of Davis' filings to be stricken for failure to state the relief sought or the grounds for relief. (Dkt. 134 at 7.) The relevant filings include a letter to the LCF warden (Dkt. 119) and two "motions." (Dkt. 127, 131.) As discussed above, Davis has made no specific objections to the order, although he does allege a "substantial error" related to his proposed claims against LCF staff, implicating the striking of docket number 119. The Court finds that the Magistrate Judge did not clearly err in striking docket numbers 119, 127, and 131, as those filings fail to state the relief sought or the grounds for relief.

### B. Motions to Amend (Dkt. 101, 103, 104, 109, 114, 118, 120)

The Magistrate Judge concluded that Davis' eight pending motions to amend actually comprise only three such motions. In the first motion, Davis seeks to add as defendants Magistrate Judge R. Steven Whalen and Magistrate Judge Paul J. Komives, the magistrate judges previously assigned to this case, based on their reports and recommendations. (Dkt. 101; 103.) In the second, Davis seeks to add as

6

defendants the law librarian and an inmate at LCF for failing to immediately return some photocopies Davis had made. (Dkt. 104 at 51; Dkt. 109.) In the third, Davis seeks to add as defendants several LCF staff members for confiscation of his legal property. (Dkt. 114, 118, 120.)

Leave to amend a complaint should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But "a motion to amend may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of amendment, etc." *Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (emphasis and citation omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citation omitted).

The Magistrate Judge found that Davis' proposed amendments are futile, as they raise claims that are the same as or similar to claims already determined in this case to be meritless. The Court agrees, insofar as it applies to Davis' motion to add Magistrate Judges Whalen

7

and Komives. (See Dkt. 97.) Davis' motion to add the LCF librarian and inmate is also futile, as Davis fails to identify a cause of action that might entitle him to relief for the delayed return of photocopies.

The Magistrate Judge also found that Davis' claims against LCF staff are improperly brought in this action, as they are unrelated to existing claims in the amended complaint. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (holding that "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact"). Finally, the Magistrate Judge found that allowing Davis to amend the complaint at this late stage would substantially prejudice the remaining defendants and unreasonably delay resolution of the case. The Court will adopt these findings and deny Davis' motions to amend.

### C. Motions for Immediate Release (Dkt. 105, 108)

Davis filed two motions for immediate release from prison; the second is styled as a correction of the first. Davis contends he is

entitled to a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 108.) As the Magistrate Judge noted, the Court has already ruled on this issue, striking Davis' earlier petition for a writ of habeas corpus as improperly joined with this civil rights case. (Dkt. 117.) As explained in that order, and in the Report and Recommendation adopted in that order (Dkt. 96), "[h]abeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (internal quotation marks and citation omitted). And a habeas petition may not be joined with a civil rights action brought under 42 U.S.C. § 1983. (See Dkt. 96 at 3-4, citing cases.) The Court will therefore adopt the Magistrate Judge's recommendation and will strike Davis' motions for immediate release (Dkt. 105, 108).

## D. Dismissal of remaining claims against defendants Van Ochten, Rogers, and Hawes

The Magistrate Judge recommends dismissing the remaining claims against defendants Rogers, Hawes, and Van Ochten on two grounds. First, plaintiffs failed to respond to a March 7, 2013 order requiring them to show cause why the complaint should not be

9

dismissed as to Rogers and Hawes.  (Dkt. 25.)  The basis for the show cause order was that the waivers of service for Rogers and Hawes were returned unexecuted because MDOC could not identify them.[1]  (Id.)  Second, the claims in the Amended Complaint against Rogers, Hawes, and Van Ochten have already been dismissed as to thirteen other defendants for failure to state a claim.[2]  (Dkt. 54, 80.)  The Magistrate Judge concluded those claims were not dismissed as to Rogers, Hawes, and Van Ochten only because they had not been served with the complaint and so they did not join the motions to dismiss.

Davis does not articulate a specific objection to the recommendation to dismiss the remaining claims against Rogers, Hawes, and Van Ochten.  The Court has nonetheless thoroughly reviewed the record and will adopt the Magistrate Judge's recommendation.  The remaining claims against defendants Rogers, Hawes, and Van Ochten will therefore be dismissed under 29 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[1] Van Ochten's waiver of service was also returned unexecuted.
[2] Plaintiffs' claim against Van Ochten concerns the alleged invalidity of MDOC administrative rules for major misconduct. (Dkt. 12 at 7-8, ¶ 3.) Only plaintiff Fitts brings a claim against Rogers and Hawes, for allegedly conspiring to "get [Fitts] looked [sic] back up in prison" in retaliation for complaints Fitts made about the cities of Inkster and Romulus.  (Id. at 8 ¶ 4.)

### E. Dismissal of plaintiffs Davis and Wilson

After dismissal of the remaining claims against Rogers, Hawes, and Van Ochten, the only claim remaining in this action is plaintiff Fitts' retaliation claim against defendant Rene Vives. (See Dkt. 12 at 9 ¶ 9.) For this reason, the Magistrate Judge recommends dismissing plaintiffs Davis and Wilson from the case. Davis does not articulate a specific objection to this recommendation. The Court will adopt the recommendation and dismiss Davis and Wilson.

## III. Conclusion

Accordingly, the Magistrate Judge's Report and Recommendation (Dkt. 133) is ADOPTED;

Plaintiff Michael Davis' Objections (Dkt. 137, 138, 140, 141, 142) are OVERRULED;

Davis' motions to amend (Dkt. 101, 103, 104, 109, 114, 118, and 120) are DENIED;

Davis' motions for immediate release (Dkt. 105, 108) are STRICKEN;

All remaining claims against defendants Marjorie Van Ochten, Rogers, and Hawes are DISMISSED; and

Plaintiffs Michael Davis and Kenneth Wilson are DISMISSED from the case.

IT IS SO ORDERED.

Dated: August 21, 2015  /s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

12