IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cameron Fitts, *et al.*,

    Plaintiffs,

v.

Rick Snyder, *et al.*,

    Defendants.

_____/

Case No. 12-cv-13575

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [164] GRANTING SUMMARY JUDGMENT TO DEFENDANT VIVES AND DISMISSING CASE**

Plaintiff Cameron Fitts is currently detained in the Oakland County Jail, but at the time of the incidents alleged in this matter was an inmate of the Michigan Department of Corrections ("MDOC") at the Gus Harrison Correctional Facility in Adrian, Michigan. He filed this action under 42 U.S.C. § 1983 against, among others, defendant Rene C. Vives, a nurse practitioner, working under contract for the MDOC, over incidents he alleges took place in 2012. The only remaining claim in

this lawsuit is a charge of retaliation by defendant Vives, who plaintiff alleges retaliated against him, in violation of his First Amendment rights, for his having filed a grievance against her.

Before the Court is the Honorable Elizabeth A. Stafford's Report and Recommendation, issued on February 11, 2016. (Dkt. 164.) Magistrate Judge Stafford recommends granting defendant Vives's motion for summary judgment. (Dkt. 164.) Plaintiff timely filed objections to the Report and Recommendation. (Dkt. 168.) Defendant Vives filed a response to plaintiff's objections. (Dkt. 169.)

For the reasons set forth below, the Court will adopt the Report and Recommendation and enter it as the findings and conclusions of this Court. Defendant's motion for summary judgment will accordingly be granted. Because this order will close the case, plaintiff's request for counsel is denied as moot. Plaintiff further seeks to seal portions of the record containing sensitive medical information, and he will be granted leave to file a motion detailing his request.

I. **Factual Background**

The factual background is set forth in the Magistrate Judge's Report and Recommendation and is adopted here.

II. **Standard of Review**

District courts review *de novo* those portions of a report and recommendation to which a specific objection has been made. 28 U.S.C. § 636(b)(1)(C). "*De novo* review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a report and recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 868-69 (E.D. Mich. 2004).

III. **Analysis**

**A. Summary Judgment**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable

3

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party bears the burden of persuasion at trial, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)(quotation omitted). When the non-moving party would bear the burden of persuasion at trial, the moving party can meet its burden under Rule 56 in one to two ways: "[f]irst, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). The reasoning behind this rests on the understanding that if the "nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id.* (citing *Anderson,* 477 U.S. at 249).

4

## B. First Amendment Retaliation

A prisoner's claim of retaliation by prison officials for having engaged in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). There are three elements to such a claim:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct.

*Hall v. Nusholtz*, 234 F.3d 1268, at *2 (table case) (6th Cir. 2000) (citing *Thaddeus-X*, 175 F.3d at 394). Submitting a grievance is protected conduct. *Thaddeus-X*, 175 F.3d at 394. And deprivation of prescribed medication has been found to be the type of adverse action that would deter a prisoner of ordinary firmness. *Smith v. Yarrow*, 78 F. App'x 529, 540 (6th Cir. 2003) (citing *Hall*, 234 F.3d 1268 (6th Cir. 2000)). The third element, causality, is evaluated under the mixed-motive analysis set forth in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977); *Thaddeus–X*, 175 F.3d at 399.

5

Under the mixed-motive analysis, if the plaintiff has met his burden to establish "that his conduct was a motivating factor behind any harm," the burden then shifts to the defendant to "show that he would have taken the same action in the absence of the protected activity." *Smith*, 78 F. App'x at 540 (citing *Mount Healthy*, 429 U.S. at 287; quoting *Thaddeus-X*, 175 F.3d at 399).

### C. Plaintiff's Objections

Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation. First, he asserts that defendant Vives did not have the authority as a nurse practitioner to modify and then completely discontinue his medications. (Dkt. 168 at 2-3.) Second, he asserts that he filed a grievance in January 2012 against defendant Vives. (*Id.* at 3.) Third, he argues that the Magistrate Judge applied the incorrect standard of review to the motion for summary judgment and should have taken all allegations in the complaint as true. (*Id.* at 4.)

Defendant counters that Michigan health regulations give nurse practitioners like defendant Vives the authority to adjust medications.

6

(Dkt. 169 at 2.) And since defendant was exercising her professional judgment in tapering and ultimately discontinuing plaintiff's medication, she argues, it is outside the realm of the Court's authority to question that judgment. (*Id.* at 3.) Defendant also asserts that plaintiff's claim that he first filed a grievance against her in January 2012 is unsupported by the factual record, and that the February grievance was filed against other individuals on the medical team, but not against her. (*Id.* at 3-4.) Finally, she argues that the Magistrate Judge applied the appropriate standards to plaintiff's complaint. (*Id.* at 5.)

### D. Summary Judgment for Defendant is Appropriate

Plaintiff's complaint alleged in part that "defendant Vives Nurse Practition[e]r at Gus Correctional Facility took all of his mental medication after plaintiff filed a grievance on [her] in Feb. 2012 . . . ." (Dkt. 1 at 9.) This allegation, because it was presented in a prisoner's complaint signed under penalty of perjury, carries the weight of an affidavit for the purposes of summary judgment. (*See id.* at 14.) *See also El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (citing *Lavado v.*

*Keohane*, 992 F.2d 601, 605 (6th Cir. 1993); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992)).

However, in his objection, which was not signed under penalty of perjury and was not supported by a sworn statement, plaintiff asserts that he first grieved the plan to reduce his medication in January 2012. (Dkt. 168 at 3.) And plaintiff did not include this assertion—that the first grievance against defendant Vives was in January 2012—in his sworn declaration submitted in support of his opposition to defendant's motion for summary judgment. (*See* Dkt. 160.) A party cannot create a material issue of fact at summary judgment by contradicting prior sworn statements. *See Lanier v. Bryant*, 332 F.3d 999, 1004 (6th Cir. 2003) (citing *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 303 (6th Cir. 1998); *Dotson v. United States Postal Serv.*, 977 F.2d 976, 978 (6th Cir. 1992)). Therefore, plaintiff's new claim that he first grieved defendant's conduct in January 2012 cannot be considered in the evaluation of defendant's motion.

The evidence provided at summary judgment demonstrates that on January 4, 2012, defendant conducted a twenty-minute appointment

with plaintiff, during which time she assessed his mood and behavior, found no evidence of delusional thinking or hallucinations, and documented concern that his significant medical issues, particularly his liver problems, would be exacerbated by the "various psychotropic drugs" he was taking. (Dkt. 151 at 6-7.) She also expressed some concern that he was malingering and should have his medicine tapered to test that theory. (*Id.* at 7.) Plaintiff has not provided evidence to refute defendant's evidence that Michigan law allows nurse practitioners to modify medication prescriptions. Moreover, the cases cited by plaintiff to support his assertion that discontinuing his medications can be an act of deliberate indifference to his pain are distinguishable. In *Westlake v. Lucas*, medical personnel were aware of the inmate's bleeding ulcer and denied him treatment despite his apparent pain and distress. 537 F.2d 857, 858-59 (6th Cir. 1976). Here, however, defendant Vives monitored plaintiff's condition with monthly appointments and plaintiff did not present with symptoms suggesting that the tapering of his medication was causing pain or distress. (*See generally* Dkt. 151.)

9

The evidence also contains documentation that on February 22, 2012, plaintiff grieved his medical treatment by "RN Patricia A. Carter" and "Dr. Brady" regarding pain in his feet (Dkt. 148-2), and on April 2, 2012, plaintiff grieved the discontinuation of his medications by defendant Vives. (Dkt. 148-3.) This evidence is not rebutted by plaintiff's declaration at summary judgment, which provides no dates or documentation to support his assertion that he filed three grievances against defendant Vives. (Dkt. 160 at 2.)

Because plaintiff would have the burden at trial to demonstrate that his grievance was the motivating factor behind defendant's decision to discontinue his medications, defendant must support her motion with evidence to negate this possibility or demonstrate that plaintiff's evidence is insufficient. Here, defendant has met her burden by showing that she decided on January 4, 2012, to taper and perhaps discontinue defendant's medications, while the earliest date on which plaintiff grieved defendant's actions was a month later, *in February of 2012*—if the Court accepts his sworn complaint as valid evidence.

10

Plaintiff engaged in protected conduct when he filed his grievance against defendant, but there is no causal connection between his grievance in February 2012, and defendant's decision a month earlier to taper medications out of concern for side effects to his liver and possible malingering. Without this causal connection, there can be no retaliation. *See Thaddeus-X*, 175 F.3d at 399. Because defendant has demonstrated that the undisputed facts do not support plaintiff's case, defendant is entitled to summary judgment on the remaining claim of retaliation. *Celotex Corp.*, 477 U.S. at 331.

### IV. Plaintiff's Additional Requests

In plaintiff's brief outlining his objections to the Magistrate Judge's Report and Recommendation, he made three other statements, which the Court liberally construes to be requests, rather than objections. The first request appears to suggest that because of his confinement in the Oakland County Jail, plaintiff lacks access to essential evidence in support of his case. (Dkt. 168 at 1.) Second, plaintiff requests that a section of the Report and Recommendation be

11

sealed, as it details his sensitive medical information. (*Id.* at 2.) And third, plaintiff requests appointment of pro bono counsel. (*Id.*)

Plaintiff does not indicate what evidence he has at his home that is unavailable to him in jail, or how that evidence would support his stated objections to the Report and Recommendations. And given the conclusion reached above through consideration of the undisputed facts—that defendant's decision to taper plaintiff's medications came before his first grievance against defendant—there is no basis to believe that some unspecified evidence exists in plaintiff's possession that would alter this analysis.

While requests to seal court opinions are rare, and granting them even rarer, sensitive medical information can, on occasion, warrant such protection. *See* Federal Judicial Center, Sealed Cases in Federal Courts 9 (October 23, 2009). However, the local rules of this Court require plaintiff to submit a motion and proposed order indicating the authority for sealing, the identification of the item or items to be sealed, the reason such sealing is necessary, and explaining why no other method besides sealing the items would achieve plaintiff's interest.

12

Local R. 5.3(b)(2)(A). This motion must be accompanied by a supporting brief. *Id.* Should plaintiff desire to have the Court seal any materials in this matter, he must file a motion that includes the above components as required by Local Rule 5.3(b)(2)(A) by **no later than July 11, 2016**.

Because summary judgment has been entered in favor of defendant, this case is dismissed in its entirety. Therefore, plaintiff's request for counsel is denied as moot.

## V.  Conclusion

Accordingly, the Magistrate Judge's Report and Recommendation (Dkt. 164) is **ADOPTED**;

Defendant's motion for summary judgment (Dkt. 148) is **GRANTED**;

Plaintiff is **GRANTED** leave to file **by no later than July 11, 2016** a motion to seal portions of the record.

This case is **DISMISSED** with prejudice.

 IT IS SO ORDERED.

13

Dated: June 8, 2016      s/Judith E. Levy
   Ann Arbor, Michigan    JUDITH E. LEVY
               United States District Judge

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2016.

               s/Felicia M. Moses
               FELICIA M. MOSES
               Case Manager