IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cameron Fitts, *et al.*,

        Plaintiffs,

v.

Rick Snyder, *et al.*,

        Defendants.

_____/

Case No. 12-cv-13575

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [178] AND MOTION TO AMEND [179]**

This matter is before the Court on Plaintiff Michael Davis's Motion for Reconsideration (Dkt. 178) and Motion to Amend the Complaint. (Dkt. 179.) On August 21, 2016, the Court issued an order denying this plaintiff's prior motions to amend the complaint and dismissing him as a plaintiff. (Dkt. 156.) For the reasons below, plaintiff's current motions are also DENIED with prejudice.

The factual background has been fully set out elsewhere in this case. (*E.g.*, Dkt. 49, 97.)

Procedurally, plaintiff's motion should be stricken as it violates the Court's March 27, 2015 order prohibiting plaintiff Davis from filing any materials in this case without first seeking leave of Court. (Dkt. 145.) Nonetheless, in the interests of justice and considering plaintiff's *pro se* status, his motions will be addressed.

## I. Standard of Review

Courts are to apply liberal construction and even "active interpretation in some cases" to ensure that filings made by *pro se* litigants, especially those who are prisoners, are recognized for "any set of facts or legal theory that would give rise to a valid" cause of action. *Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010) (citing *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985)).

## II. Plaintiff's Motion for Reconsideration

The Federal Rules of Civil Procedure identify two methods for relief from a judgment or order: Rules 59 and Rule 60. Rule 59(e) allows alteration or amendment of a judgment upon motion filed no later than twenty-eight days after the entry of judgment, and Rule 60

allows for a motion seeking relief from a final judgment or order upon a motion "made within a reasonable time" after the entry of the opposed judgment order. Fed. R. Civ. P. 60(b)-(c). Here, the judgment was issued terminating this lawsuit on June 8, 2016, but plaintiff's motion was signed by a notary public on July 14, 2016 (Dkt. 178 at 3), which is more than twenty-eight days after the entry of judgment.[1] Therefore, relief under Rule 59 is not available to plaintiff. The Court will evaluate plaintiff's motion under Rule 60(b).

Fed. R. Civ. P. 60(b) grants a district court the discretion to determine whether relief from a judgment or order is warranted, provided that one of the following rationales is present:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
> 
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] The Court adopts the earliest possible date that plaintiff could have given his documents to prison officials for mailing in order to calculate the "prison mailbox rule" date of filing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468-69 (6th Cir. 2007) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).

Plaintiff claims to have newly discovered evidence to support his motion, but the Court is unable to discern anything new in this motion. It consists of arguments already raised and addressed in plaintiff's previous motions to amend and objections—the Michigan Department of Corrections' ("MDOC") reliance on administrative rules he asserts are

4

invalid, and reference to provisions cited in the Michigan Compiled Laws, rather than to the session laws. (Dkt. 178 at 7-10; *see* Dkt. 156 at 5.) He also reasserts arguments related to his attempt to petition for writ of habeas corpus in this civil rights matter, which was also denied because a habeas petition may not be joined into a civil rights action. (*Id.* at 11-12; *see* Dkt. 156 at 8-9.) Finally, plaintiff demands discovery related to these assertions and arguments. (*Id.* at 13.)

None of the six categories for relief under Rule 60(b) apply here. This includes the catch-all opportunity for relief under Rule 60(b)(6), which uses a "case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir. 2009) (quoting *Blue Diamond Coal Co.*, 249 F.3d at 529). Relief under Rule 60(b)(6) requires "exceptional circumstances" not otherwise described by clauses one through five. *In re Walter*, 282 F.3d at 440. Intervening changes in the law do not generally qualify for Rule 60(b)(6) relief, and the principle supporting

5

finality in judgment is especially applicable in evaluation of a motion under Rule 60(b)(6). *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013) (citing *Ford Motor Co.*, 487 F.3d at 468). "Relief is limited to 'unusual and extreme situations where principles of equity mandate relief.'" *Id.* (quoting *Ford Motor Co.*, 487 F.3d at 468).

There is nothing unusual or extreme in plaintiff's situation other than his repeated filing of objections and motions revisiting the same ground, even in the face of this Court's order sanctioning him for excessive filing. (*See* Dkt. 145 (citing forty-one motions, requests, and "documents" filed by Davis in less than a year and prohibiting him from further filings in this case without prior leave of Court).) Therefore, plaintiff's motion for reconsideration is DENIED.

### III. Plaintiff's Motion to Amend

Plaintiff moves to amend his complaint on the basis of newly discovery evidence, but again provides nothing new in his documents. (Dkt. 179.) Motions to amend filed after an entry of judgment must meet Rule 59's "heavier burden," which only allows relief if the moving

6

party can show "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Plaintiff has not made this showing, but rather, reiterates the arguments this Court has rejected in his prior efforts to amend the complaint and rejects above in relation to his motion for reconsideration. (*Id.*; *see* Dkt. 156 at 6-8.) What's more, granting his motion would substantially prejudice defendants, who would be forced to reopen litigation after a final judgment has been entered. *See, e.g., Vere v. City of Adrian*, No. 15-CV-10745, 2016 WL 3913710, at *5 (E.D. Mich. July 20, 2016) (finding prejudice to defendants if amendment were allowed following the close of discovery and after defendants moved for summary judgment & citing cases).

Therefore, this motion to amend is DENIED for the same reasons his prior motions to amend were denied—the claims he seeks to raise have been found to be meritless, futile, and unrelated to the existing

7

claims. (Dkt. 156 at 6-8.) And this motion poses a substantial prejudice to defendants without serving any interests of justice.

## IV. Conclusion

For the reasons provided above, plaintiff's Motion for Reconsideration is DENIED with prejudice and plaintiff's Motion to Amend is DENIED with prejudice.

Furthermore, the Court's prior order of March 27, 2015 is still in effect, and plaintiff's motions were filed in violation of that order prohibiting him from filing any materials in this matter without first obtaining leave of Court. (Dkt. 145.) Plaintiff is reminded that he must comply with that order, and if he does not, any future non-compliant filings will be stricken as non-conforming.

IT IS SO ORDERED.

Dated: August 2, 2016             s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                                 United States District Judge

# **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2016.

s/Kelly Winslow for
FELICIA M. MOSES
Case Manager

9